BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
600 B Street, Suite 1550
San Diego, CA  92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
ANDREW S. FRIEDMAN (AZ 005425)
ELAINE A. RYAN (AZ 012870)
PATRICIA N. SYVERSON
 (CA 203111; AZ 020191)
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012-3311
Telephone:  602/274-1100
602/274-1199  (fax)
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com

Attorneys for Plaintiff

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JOHN KOZ, On Behalf of Themselves and All Other Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KELLOGG COMPANY, a Delaware Corporation,<br><br>Defendant. | Case No.:   3:09-CV-01786-IEG(WMC)<br><br>CORRECTED AMENDED CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE §17200 AND SIMILAR LAWS OF OTHER STATES;<br>2. VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT AND SIMILAR LAWS OF OTHER STATES; AND<br>3. UNJUST ENRICHMENT<br><br>Courtroom: 1, 4th Floor<br>Judge:       Honorable Irma E. Gonzalez<br>Date Filed: August 17, 2009<br>Trial Date: TBD<br><br>DEMAND FOR JURY TRIAL |

Harry Dennis and John Koz ("Plaintiffs"), by and through their attorneys, bring this action on behalf of themselves, all others similarly situated and the general public, against defendant The Kellogg Company ("Kellogg" or "defendant"), and state as follows:

## NATURE OF THE ACTION

1. This class action challenges defendant's advertising campaign in which Kellogg falsely claims on labels and packages and in its promotional materials and advertisements that Frosted Mini-Wheats branded cereal has been clinically shown to improve kids' attentiveness by nearly 20%, but in reality, eating a bowl of Kellogg's® Frosted Mini-Wheats cereal for breakfast is not clinically shown to improve attentiveness by nearly 20%. Plaintiffs, on behalf of themselves and a nationwide class of those who purchased this cereal, seek injunctive relief halting the acts of false advertising and refunds of the purchase price paid.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this class action pursuant 28 U.S.C. §1332(d)(2). The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. This case is a class action in which members of the plaintiff class (the "Class") are citizens of states different than the defendant. Further, greater than two-thirds of the Class members reside in states other than the state in which the defendant is a citizen.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because defendant: (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district; (b) does substantial business in this district; and/or (c) is subject to personal jurisdiction in this district. Further, Plaintiff Dennis resides in this District.

## THE PARTIES

4. Plaintiff Harry Dennis is an individual residing in San Diego County, California. During the Class period he purchased the Product, suffered injury in fact, and has lost money and property as a result of the unlawful, unfair, misleading and deceptive advertising described herein.

1                              No. 3:09-CV-01786-IEG(WMC)

5. Plaintiff John Koz is an individual residing in Cuyahoga County, Ohio. During the Class period he purchased the Product, suffered injury in fact, and has lost money and property as a result of the unlawful, unfair, misleading and deceptive advertising described herein.

6. Defendant The Kellogg Company is a Delaware corporation with its principal place of business in Battle Creek, Michigan. Defendant is responsible for researching, developing, manufacturing, marketing and distributing its Products to consumers throughout the United States.

## FACTUAL ALLEGATIONS

7. Between January 28, 2008 and September 15, 2008, inclusive, defendant marketed a line of nine varieties of Frosted Mini-Wheats® branded ready-to-eat cereals, including Strawberry Delight, Unfrosted, Big Bite, Maple and Brown Sugar, Blueberry Muffin, Bite Size, Honey Nut Little Bites, Cinnamon Streusel, and Chocolate Little Bites (collectively, "Frosted Mini-Wheats" or the "Products").

8. During this period, Defendant extensively marketed the Products as being "clinically shown to improve kids' attentiveness by nearly 20%." For example, the back panel of the Products' packaging stated that:

> Based upon independent clinical research, kids who ate Kellogg's® Frosted Mini-Wheats® cereal for breakfast had up to 18% better attentiveness three hours after breakfast than kids who ate no breakfast.

9. Defendant's television advertising similarly represented that "A clinical study showed kids who had a filling breakfast of Frosted Mini-Wheats cereal improved their attentiveness by nearly 20 percent."

10. Defendant's print advertising stated:

> 3 Strategies to Start Their Day Off Right
>
> Does your child need to pay more attention in school? Use the following tips to help keep your little ones ahead of the class:
>
> ***
>
> √ Start the Day with Breakfast.

Kids need an energy boost after a long night's sleep. A recent clinical study showed that a whole grain and fiber-filled breakfast of Frosted Mini-Wheats® helps improve children's attentiveness by nearly 20%.

11. In March, 2008, Defendant issued a press release that stated:

Keeping 'Em Full and Focused

Kellogg recently commissioned research to measure the effect on kids of eating a breakfast of Frosted Mini-Wheats® cereal. An independent research group conducted a series of standardized, cognitive tests on children ages 8 to 12 who ate either a breakfast of Frosted Mini-Wheats® cereal or water. The result? The children who ate a breakfast of Frosted Mini-Wheats® cereal had a nearly 20% improvement in attentiveness.

12. Defendant's Product packages, internet advertising and print advertising referred the consumer to defendant's website for further information. Defendant's website similarly represented that: "A breakfast of Frosted Mini-Wheats® cereal is clinically shown to improve kids' attentiveness by nearly 20%."

13. Defendant's website also represented that:

The Daily Wheat: Attentiveness Put to the Test:

This is Mini™, reporting from an event that has captured our attention. A team of kids are attempting to show that a breakfast of Kellogg's® Frosted Mini-Wheats® cereal can help keep them attentive all morning long.

It was apparent from the first test that the Frosted Mini-Wheats® team's attentiveness was strong. And as the morning progressed, it didn't waiver.

In the end, a round of enthusiastic cheers could be heard coming from the moms' viewing section as the 8-layers of whole grain fiber in Frosted Mini-Wheats® cereal proved to improve kids' attentiveness by nearly 20%!

14. Defendant represented in all of its advertising that its claim that consumption of the Products improves kids' attentiveness by nearly 20% is: "Based upon independent clinical research, kids who ate Kellogg's® Frosted Mini-Wheats® cereal for breakfast had up to 18% better attentiveness three hours after breakfast than kids who ate no breakfast."

15. This claim is unsubstantiated and false. The study upon which defendant relies does not constitute a properly designed clinical study. The study is underpowered, lacks sufficient controls and lacks proper study end points. Further, the study itself did not find that which defendant claims. The study did not compare children who ate the Products to children that ate other types of cereal, or any type of breakfast. Instead, the study merely compared

children who ate the Products to children who ate no breakfast at all. Even then, the study merely found that only about half the kids who ate Frosted Mini-Wheats® cereal showed any improvement after three hours as compared to their pre-breakfast baseline. In addition, overall, only one in seven kids who ate the cereal improved their attentiveness by 18% or more, and only about one in nine improved by 20% or more.

16. Eating a bowl of Product for breakfast was not clinically shown to improve kids' attentiveness by nearly 20% compared to kids who ate no breakfast. Under the study, children who ate the Product for breakfast had an average of only 10.6% better attentiveness three hours later than those who did not eat any breakfast, with relatively few experiencing better attentiveness near the 20% level.

17. In addition, defendant represented in its advertising that eating the Product lead to "Better Quality of Memory – A clinical study showed kids who ate a filling breakfast of KELLOGG'S® FROSTED MINI-WHEATS® cereal had 23% better quality of memory when compared to kids who missed out on breakfast." The study did not show this.

18. As the manufacturer and distributor of the Products, defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in the Products, and is in a superior position to learn of the effects and has learned of the effects its Products will have on consumers, including their attentiveness and memory.

19. Plaintiffs have been misled by defendant's advertising claims into purchasing and paying for Products that were not unique or drug-equivalent in their ability to improve kids' attentiveness, and they have, as a direct result, suffered actual damages in that they have been deprived of the benefit of their bargain and have spent money on Products that lacked the value they were led by defendant to believe they had.

20. Defendant, by contrast, has profited enormously from its misrepresentations. Defendant represents that in 2008 the company realized $12.8 billion in retail sales, including a sales growth of three percent for its ready-to-eat cereal sales, which includes retail sales of its Frosted Mini-Wheats® line of Products.

## PLAINTIFFS' EXPERIENCES

21. Plaintiff Dennis purchased approximately two boxes of Chocolate Little Bites and paid the retail price of approximately $3.00-$5.00 for each box.

22. Plaintiff Koz purchased approximately 16 boxes of Frosted Mini-Wheats and paid the retail price of approximately $3.00-$5.00 for each box.

23. Plaintiffs have suffered injury in fact and lost money and property as a result of the alleged misconduct. They have been injured in the amount paid for the Products.

## CLASS ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and on behalf of a Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure defined as:

> Plaintiffs and all persons or entities in the United States who purchased any of the Products between January 28, 2008, and September 15, 2008, inclusive. Excluded from the Class are Kellogg's employees, officers, directors, agents, and representatives and those who purchased Frosted Mini-Wheats for the purpose of re-sale.

25. Plaintiffs and the members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical.

26. This action involves questions of law and fact common to all members of the Class, including:

   (a) Whether defendant has engaged in an unlawful, unfair, misleading or deceptive business act or practice through its labeling and advertising practices;

   (b) Whether defendant's labeling and advertising misrepresented the nature of the Products; and

   (c) Whether Plaintiffs and Class members are entitled to restitution of the monies they paid to purchase the Products and disgorgement of profits defendant received from the sale of its Products.

27. Plaintiffs' claims are typical of the claims of the members of the Class. The named plaintiffs are members of the Class of victims described herein.

28. The named plaintiffs are willing and prepared to serve the Court and proposed Class in a representative capacity with all of the obligations and duties material thereto.

1  Plaintiffs will fairly and adequately protect the interests of the Class and have no interests adverse to or which directly and irrevocably conflict with, the interests of the other members of the Class.

29.  The self-interests of the named plaintiffs are sufficiently co-extensive with, and not antagonistic to, those of the absent Class members. The named plaintiffs will undertake to represent and protect the interests of the absent Class members.

30.  The named plaintiffs have engaged the services of counsel indicated below. Said counsel are experienced in complex class litigation, will adequately prosecute this action, and will assert and protect the rights of, and otherwise represent the named plaintiffs and absent Class members.

31.  Plaintiffs are aware of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### Violations of the Unfair Competition Law, Business & Professions Code §17200 and Similar Laws of Other States

32.  Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

33.  This cause of action is brought pursuant to Business & Professions Code §17200, *et seq*. and the similar laws of other States. These laws prohibit acts of unfair competition, which means and includes any "unlawful, unfair or fraudulent business act or practice," or any "unfair, deceptive, untrue or misleading advertising."

34.  Defendant violated the prohibition against engaging in an "unlawful" business act or practice, by, *inter alia*, misrepresenting on Product packaging, in commercial advertisements, on its website and in other marketing materials and media that the Products have unique, drug-quality properties that will improve kids' attentiveness by nearly 20% in violation of the Federal Trade Commission Act, Bus. & Prof. Code §17500 (and similar false advertising laws of the various States) and common law.

35. Defendant also violated the prohibitions against engaging in an "unfair" business act or practice by, *inter alia*, misrepresenting on Product packaging, in commercial advertisements, on its website and in other marketing materials and media that the Products have unique, drug-quality properties that will improve kids' attentiveness by nearly 20%. Defendant engaged in its deceptive marketing campaign to, *inter alia*, gain an unfair competitive advantage over other ready-to-eat cereal manufacturers who did not engage in similar misleading advertising practices. Further, defendant's conduct caused substantial injury to consumers. The gravity of defendant's alleged wrongful conduct outweighs any purported benefits attributable to such conduct.

36. The foregoing conduct also violates prohibitions against "fraudulent" or deceptive business practices. Defendant's misrepresentations on Product packaging, in commercial advertisements, on its website and in other marketing materials and media that the Products have unique, drug-quality properties that will improve kids' attentiveness by nearly 20% are likely to and did deceive reasonable consumers into believing the Products had these properties.

37. Plaintiffs reserve the right to allege other violations of law which constitute other "unlawful, unfair or fraudulent business act[s] or practice[s]."

38. As a result of defendant's violations of the UCL, Plaintiffs and Class members are entitled to equitable relief.

## SECOND CAUSE OF ACTION

### Violations of California's Consumers Legal Remedies Act, Civil Code §1750 and Similar Laws of Other States

39. Plaintiffs reallege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

40. This cause of action is brought pursuant to the Consumers Legal Remedies Act, Civil Code §1750, *et seq.* (the "Act") and similar laws of other States. Plaintiffs are consumers as defined by Civil Code §1761(d). The Products are goods within the meaning of the Act.

41.     Defendant violated the Act by engaging in the following practices proscribed by Civil Code §1770(a) and the similar laws of the other States in transactions with plaintiffs and the Class which were intended to result in, and did result in, the sale of the Products:

 (a)     Representing that the Products have characteristics, uses or benefits which they do not have.

 (b)     Representing that the Products are of a particular standard, quality or grade if they are of another.

 (c)     Advertising goods with intent not to sell them as advertised.

 (d)     Representing that the Products have been supplied in accordance with a previous representation when they have not.

42.     Defendant violated the Act by representing through its advertisements the Products as described above when it knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

43.     Pursuant to California Civil Code §1782(d), Plaintiffs and the Class seek damages and a Court order enjoining the above-described wrongful acts and practices of defendant and for restitution and disgorgement.

## THIRD CAUSE OF ACTION

### Unjust Enrichment

44.     Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

45.     Plaintiffs and Class members conferred a benefit on defendant by purchasing the Products.

46.     Defendant appreciated and/or realized the benefits in the amount of the profits it earned from sales of the Products.

47.     Defendant has profited from its unlawful, unfair, misleading and deceptive practices and advertising at the expense of Plaintiffs and Class members, under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit.

48. Plaintiffs and Class members do not have an adequate remedy at law against Defendant.

49. Plaintiffs and Class members are entitled to disgorgement of the profits derived from the sale of the Products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment:

A. Certifying this action as a class action as set forth above;

B. Awarding Plaintiffs and Class members equitable relief in the form of restitution of all monies paid for the Products and disgorgement of the profits derived from the sale of the Products;

C. Awarding Plaintiffs and the Class members pre-judgment and post-judgment interest as provided by law;

D. Awarding Plaintiffs' attorneys' fees and costs; and

E. Awarding such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 23, 2010

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD

By:     s/Timothy G. Blood
TIMOTHY G. BLOOD

600 B Street, Suite 1550
San Diego, CA  92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012-3311
Telephone:  602/274-1100
602/274-1199  (fax)
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com

9     No. 3:09-CV-01786-IEG(WMC)

BLOOD HURST & O'REARDON, LLP

00019524

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BLOOD HURST & O'REARDON, LLP

- and –
TODD D. CARPENTER
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619/756-6978
602/798-5825 (fax)
tcarpenter@bffb.com

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
frank@piscitellilaw.com

CLIMACO, WILCOX, PECA, TARANTINO
   & GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)
jrclim@climacolaw.com
pwarn@climacolaw.com

WHATLEY, DRAKE & KALLAS, LLC
PATRICK J. SHEEHAN
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: 212/447-7070
212/447-7077 (fax)
psheehan@wdklaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 23, 2010.

                                  s/Timothy G. Blood
                                  TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com