BLOOD HURST & O'REARDON, LLP

1  BLOOD HURST & O'REARDON, LLP
   TIMOTHY G. BLOOD (149343)
2  600 B Street, Suite 1550
   San Diego, CA  92101
3  Telephone: 619/338-1100
   619/338-1101 (fax)
4  tblood@bholaw.com

5  Attorneys for Plaintiff

6  JENNER & BLOCK LLP
   DEAN N. PANOS (admitted *pro hac vice*)
7  RICHARD P. STEINKEN (admitted *pro hac vice*)
   353 North Clark Street
8  Chicago, IL 60654-3456
   Telephone: 312/222 9350
9  312/527-0484 (fax)
   dpanos@jenner.com
10 rsteinken@jenner.com

11 Attorneys for Defendant Kellogg Company

12 [Additional Counsel Appear on Signature Page.]

13 UNITED STATES DISTRICT COURT

14 SOUTHERN DISTRICT OF CALIFORNIA

15 HARRY DENNIS and JON KOZ, On          Case No.:  3:09-CV-01786-IEG(WMC)
   Behalf of Themselves and All Other Others
16 Similarly Situated,                    CLASS ACTION

17        Plaintiff,                       STIPULATION OF SETTLEMENT

18     v.                                 Courtroom: 1, 4th Floor
                                          Judge:     Honorable Irma E. Gonzalez
19 KELLOGG COMPANY, a Delaware            Date Filed: August 17, 2009
   Corporation,                           Trial Date:  TBD
20
          Defendant.
21

22

23

24

25

26

27

28

This Stipulation of Settlement is made and entered into by and among Plaintiffs Harry Dennis and John Koz ("Plaintiffs"), on behalf of themselves and each of the Settlement Class Members, by and through Class Counsel authorized to settle this Litigation on their behalf, and Defendant The Kellogg Company ("Defendant" or "Kellogg") (collectively, the "Parties"), by and through its counsel of record in this Litigation.

## I.      RECITALS

A.      On May 5, 2009, Plaintiff Koz sent a demand letter to Kellogg along with a proposed Complaint alleging violations of Ohio's Consumer Sales Practice Act (Ohio Rev. Code §1345, *et. seq.*), Ohio's Deceptive Trade Practices Act (Ohio Rev. Code §4165, *et. seq.*) and Breach of Warranty in connection with Defendant's advertising of Kellogg's® Frosted Mini-Wheats cereals ("Product").

B.      On August 17, 2009, Plaintiff Dennis filed a complaint against Defendant in the United States District Court for the Southern District of California. On June 22, 2010, a First Amended Complaint (the "Amended Complaint") was filed by Dennis and Koz.

C.      In the Amended Complaint, Plaintiffs allege that Kellogg falsely claimed on its Product labels and packages and in its promotional materials and advertisements that ran during the Settlement Class Period that consumption of Kellogg's® Frosted Mini-Wheats cereal for breakfast improved kids' attentiveness, memory and other cognitive functions to a degree not supported by any competent clinical evidence. The Amended Complaint alleges: (1) violations of California's Unfair Competition Law ("UCL"), Business & Professions Code §17200, *et. seq.* and similar laws of the various states, (2) violations of California's Consumers Legal Remedies Act, Civil Code §1750 *et seq.* and similar laws of the various states and (3) unjust enrichment. The Amended Complaint seeks equitable monetary relief and injunctive relief. Counsel for each of the Plaintiffs conducted separate examinations and evaluations of the relevant law and facts to assess the merits of their respective Plaintiffs' claims and to determine how to best serve the interests of the members of the proposed Class.

D.      Kellogg's advertising, marketing and promotional campaigns that consumption of Kellogg's® Frosted Mini-Wheats cereal for breakfast improved kids' attentiveness ran

BLOOD HURST & O'REARDON, LLP

1  nationally from January 28, 2008 to June 16, 2008, from July 28, 2008 to September 15, 2008,

2  and from August 3, 2009 to September 14, 2009.  Kellogg's advertising, marketing and

3  promotional campaigns that consumption of Kellogg's® Frosted Mini-Wheats cereal for

4  breakfast improved kids' memory ran nationally from February 9, 2009 to May 11, 2009.

5       E.     On January 13, 2010, Class Counsel, Defendant and Defendant's Counsel

6  participated in a mediation conducted by Martin Quinn of JAMS in San Francisco, California.

7  Since that time, the Parties have engaged in protracted, extensive, and hard-fought settlement

8  negotiations.

9       F.     Based upon Class Counsel's investigation and evaluation of the facts and law

10 relating to the matters alleged in the pleadings, Plaintiffs and Class Counsel agreed to settle the

11 Litigation pursuant to the provisions of this Stipulation after considering, among other things:

12 (1) the substantial benefits available to the Class under the terms of this Stipulation; (2) the

13 attendant risks and uncertainty of litigation, especially in complex actions such as this, as well

14 as the difficulties and delays inherent in such litigation; and (3) the desirability of

15 consummating this Stipulation promptly to provide effective relief to Plaintiffs and the Class

16 and to end the conduct at issue.

17      G.     Kellogg has denied and continues to deny each and all of the claims and

18 contentions alleged by Plaintiffs.  Kellogg has expressly denied and continues to deny all

19 charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts

20 or omissions alleged, or that could have been alleged, in the Litigation.

21      H.     Nonetheless, Kellogg has concluded that further defense of the Litigation would

22 be protracted and expensive, and that it is desirable that the Litigation be fully and finally

23 settled in the manner and upon the terms and conditions set forth in the Stipulation.  Defendant

24 also has taken into account the uncertainty and risks inherent in any litigation.  Kellogg,

25 therefore, has determined that it is desirable and beneficial to it that the Litigation be settled in

26 the manner and upon the terms and conditions set forth in the Stipulation.

27      I.     This Stipulation effectuates the resolution of disputed claims and is for

28 settlement purposes only.

BLOOD HURST & O'REARDON, LLP

## II.    DEFINITIONS

A.    As used in this Stipulation the following capitalized terms have the meanings specified below:

1.    "Claim Form" means the document to be submitted by Claimants seeking payment pursuant to this Stipulation that will accompany the Class Notice and will be available online at the Settlement Website, substantially in the form of Exhibit A and discussed in §IV.A.5 of this Stipulation.

2.    "Claimant" means a Settlement Class Member who submits a claim for payment as described in §IV of this Stipulation.

3.    "Claims Administration Protocols" means the protocols set forth in the Claim Administration Protocols, attached as Exhibit B.

4.    "Class" means all persons or entities in the United States who purchased the Product during the Settlement Class Period.  Excluded from the Class are Kellogg's employees, officers, directors, agents, and representatives and those who purchased the Product for the purpose of re-sale.

5.    "Class Action Settlement Administrator" means the company or companies jointly selected by Class Counsel and Defendant's Counsel and approved by the Court to provide Class Notice and to administer the claims process.

6.    "Class Counsel" means the attorneys of record for Plaintiffs and means the following individuals:

> Timothy G. Blood
> Blood Hurst & O'Reardon, LLP
> 600 B Street, Suite 1550
> San Diego, CA  92101
> Telephone: 619/338-1100
>
> Andrew S. Friedman
> Elaine A. Ryan
> Patricia N. Syverson
> Bonnett, Fairbourn, Friedman & Balint, P.C.
> 2901 N. Central Avenue, Suite 1000
> Phoenix, AZ  85012-3311
> Telephone: 602/274-1100

BLOOD HURST & O'REARDON, LLP

BLOOD HURST & O'REARDON, LLP

1    Todd D. Carpenter
     Bonnett, Fairbourn, Friedman & Balint, P.C.
2    600 West Broadway, Suite 900
     San Diego, CA 92101
3    Telephone: 619/756-6978

4    Frank E. Piscitelli, Jr.
     Piscitelli Law Firm
5    55 Public Square, Suite 1950
     Cleveland, OH 44113
6    Telephone: 216/931-7000

7    John R. Climaco
     Patrick Warner
8    Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.
     55 Public Square, Suite 1950
9    Cleveland, OH 44113
     Telephone: 216/621-8484
10
     Patrick J. Sheehan
11   Whatley, Drake & Kallas, LLC
     1540 Broadway, 37th Floor
12   New York, NY 10036
     Telephone: 212/447-7070
13

14          7.      "Class Notice" means, collectively, the "Notice of Class Action

15   Settlement" and the "Publication Notice," substantially in the forms of Exhibit C and Exhibit

16   D, respectively, and discussed in §V of this Stipulation.

17          8.      "Court" means the United States District Court for the Southern District

18   of California.

19          9.      "Defendant" means the Kellogg Company.

20          10.     "Defendant's Counsel" means the following individuals:

21   Dean N. Panos
     Richard P. Steinken
22   Jenner & Block LLP
     353 N. Clark Street
23   Chicago, IL 60654-3456
     Telephone: 312/222-9350
24
     Brent L. Caslin
25   Kenneth K. Lee
     Jenner & Block LLP
26   633 West 5th Street, Suite 3500
     Los Angeles, CA 90071-2054
27   Telephone: 213/239-5100

28

1        11.    "Effective Date" means the date on which all of the conditions of

2    settlement have been satisfied, as discussed in §IX of this Stipulation.

3        12.    "Judgment" means the "Judgment, Final Order and Decree" to be

4    entered by the Court, substantially in the form attached as Exhibit E.

5        13.    "Litigation" means *Dennis v. Kellogg Company*, Case No. 3:09-CV-

6    01786-IEG(WMC) (S.D. Cal.).

7        14.    "Party" or "Parties" means the Plaintiffs and Defendant in this

8    Litigation.

9        15.    "Person" means a natural person, individual, corporation, partnership,

10   association, or any other type of legal entity.

11       16.    "Plaintiffs" mean and include the class representatives Harry Dennis

12   and John Koz.

13       17.    "Preliminary Approval Order" means the "Order re Preliminary

14   Approval of Class Action Settlement," substantially in the form of Exhibit F attached hereto,

15   preliminarily approving this Stipulation, providing for notification to the Settlement Class and

16   seeking the scheduling of the Settlement Hearing.

17       18.    "Product" means the Frosted Mini-Wheats® branded cereal that is the

18   subject of the Litigation.

19       19.    "Released Claims" means, with the exception of claims for personal

20   injury, any and all actions, claims, demands, rights, suits, and causes of action of whatever

21   kind or nature against the Released Persons, including damages, costs, expenses, penalties, and

22   attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of

23   or relating to statements concerning attentiveness, memory or any other cognitive function

24   made in or in connection with Defendant's advertising, marketing, packaging, promotion, sale

25   and distribution of the Product, which have been asserted or which could reasonably have been

26   asserted by the Class in the Litigation.

27       20.    "Released Persons" means and includes Defendant and its direct and

28   indirect corporate parent, subsidiaries and affiliates, as well as its distributors, wholesalers,

BLOOD HURST & O'REARDON, LLP

retailers, customers and licensors, including the officers, directors, employees, shareholders, agents, insurers, spokespersons, public relations firms, advertising and production agencies and assigns of all such persons or entities.

21.    "Settlement Class Member(s)" or "Member(s) of the Settlement Class" means a member of the Class who has not been properly excluded from the Class.

22.    "Settlement Class Period" means the period from January 28, 2008, up to and including October 1, 2009, the dates between which Defendant ran its national advertising, marketing and promotional campaigns for Frosted Mini-Wheats relating to cognitive function.

23.    "Settlement Fund" means the $2.75 million common fund discussed in §IV.A.2 of this Stipulation.

24.    "Settlement Hearing" means the hearing(s) to be held by the Court to consider and determine whether the proposed settlement of this Litigation as contained in this Stipulation should be approved as fair, reasonable, and adequate, and whether the Judgment approving the settlement contained in this Stipulation should be entered.

25.    "Settlement Website" means the website to be created for this settlement that will include information about the Litigation and the settlement, relevant documents and electronic and printable forms relating to the settlement, including the Claim Form which can be submitted online or printed and mailed.  The Settlement Website shall be activated no later than 60 days before the Settlement Hearing and shall remain active until 101 days after the Court enters the Judgment.  A link to the Settlement Website shall also be available on the websites Defendant maintains for United States consumers of the Product during the same time period and, at Class Counsel's option, on Class Counsel's websites.

26.    "Stipulation" means this Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Class Counsel and counsel for Defendant.

B.    Other capitalized terms used in this Stipulation but not defined above shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

BLOOD HURST & O'REARDON, LLP

**III.   CERTIFICATION OF THE NATIONAL SETTLEMENT CLASS**

Defendant hereby consents, solely for purposes of the settlement set forth herein, to the certification of the national Settlement Class, to the appointment of Class Counsel as counsel for the Settlement Class, and to the conditional approval of Plaintiffs as suitable representatives of the Class; provided, however, that if this Stipulation fails to receive Court approval or otherwise fails to be consummated, including, but not limited to, the Judgment not becoming final as provided in §IX.C of this Stipulation, then Defendant retains all rights it had immediately preceding the execution of this Stipulation to object to the maintenance of this Litigation as a class action by Class Counsel, and in that event, nothing in this Stipulation or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, whether the purported Class is ascertainable, or whether Class Counsel or the Plaintiffs can adequately represent the Settlement Class Members under applicable law.

**IV.   SETTLEMENT RELIEF**

The settlement relief includes cash payments and non-monetary relief.

    **A.   Cash Payments**

        **1.   Class Members' Cash Recovery**

(a)   Class members may seek reimbursement of $5.00 per box of the Product purchased, with a maximum recovery of $15.00 per consumer.  Claimants may seek reimbursement by submitting a simplified Claim Form either by mail or electronically.  The actual amount paid to individual Claimants will depend upon the number of valid claims made. Adequate and customary procedures and standards will be used by the Class Action Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.

        **2.   Settlement Fund**

(a)   In accordance with the payment schedule set forth in §IV.A.7, below, Defendant shall pay up to $2.75 million in trust to a third party institution (the "Fund Institution") to be selected by Class Counsel and approved by Defendant to establish an interest bearing fund for payments made pursuant to this section.

BLOOD HURST & O'REARDON, LLP

1      (b)    The Settlement Fund shall be applied first to pay in full any necessary

2  taxes and tax expenses and then to pay authorized Claimants and any others as allowed by this

3  Stipulation.

4            **3.**     **Settlement Fund: Insufficient or Excess Funds**

5      (a)    If the total amount of eligible claims exceeds the Settlement Fund, then

6  each claim's award shall be proportionately reduced.

7      (b)    If after all valid claims are paid, money remains in the Settlement Fund,

8  the remaining amount shall be paid to one or more charities chosen by the Parties and

9  approved by the Court pursuant to the *cy pres* doctrine.

10           **4.**     **Delivery of Payments to Settlement Class Members**

11      (a)    Payment will be made directly to the Settlement Class Member by first

12  class mail after entitlement to payment to all Claimants is determined, and in no event more

13  than 30 days after the close of the Claim-In Period, unless Class Counsel permits an extension

14  of time to complete the claims determination process.

15      (b)    Failure to provide all information requested in the Claim Form will not

16  result in nonpayment of a claim.  Instead, the Class Action Settlement Administrator will take

17  all adequate and customary steps to determine the Settlement Class Member's eligibility for

18  payment and the amount of payment based on the information contained in the Claim Form or

19  otherwise submitted, the amount of money available to pay all valid claims, and such other

20  reasonably available information from which eligibility for payment can be determined.

21           **5.**     **Claim Form Availability**

22      The Claim Form will be part of the Publication Notice and will be available for

23  downloading and may be completed and submitted online at the Settlement Website, and the

24  Claim Form will be available for downloading on Class Counsel's websites, at Class

25  Counsel's option.  The Claim Form may also be requested by calling the toll-free number

26  provided by the Class Action Settlement Administrator or by writing to the Class Action

27  Settlement Administrator.

28

BLOOD HURST & O'REARDON, LLP

**6.      Eligibility for Cash Payment**

(a)      To be eligible for a cash payment, the Settlement Class Member must timely submit a Claim Form containing his or her name and mailing address. The Settlement Administrator may pay claims that are otherwise valid but untimely filed if there is sufficient money to pay all valid and timely claims in full plus untimely but otherwise valid claims from the Settlement Fund, and payment of any such untimely but valid claims is administratively feasible and otherwise reasonable, taking into account the need to timely pay claims. The determination of the Class Action Settlement Administrator concerning the eligibility and amount of payment shall be final. In the event a Settlement Class Member disagrees with such a determination, the Class Action Settlement Administrator agrees to reconsider such determination, which includes consultation with Class Counsel.

(b)      To be eligible, Claim Forms must be postmarked or submitted online no later than 80 days after the date the Court first sets for the Settlement Hearing ("Claim-In Period").

(c)      Timing of Payments. The Class Action Settlement Administrator shall send payment to eligible Settlement Class Members or, as applicable, a letter explaining the rejection of the claim, within 30 days from the close of the Claim-In Period.

**7.      Schedule of Payments into the Settlement Fund**

(a)      Subject to §IV.A.2, above, Defendant shall fund the Settlement Fund 30 days after entry of Judgment by the Court.

(b)      In the event the Effective Date does not occur, all amounts paid into the Settlement Fund, less amounts paid for taxes and tax expenses, shall be returned to Defendant.

**B.      Other Relief**

1.      Within three months of the Effective Date, and for a period of three years from the Effective Date, Defendant shall refrain from using in its advertising and on its labeling for the Product any assertion to the effect that "eating a bowl of Kellogg's® Frosted Mini-Wheats cereal for breakfast is clinically shown to improve attentiveness by nearly 20%." Notwithstanding the foregoing, Defendant may make claims about the impact on attentiveness

BLOOD HURST & O'REARDON, LLP

1  from eating the Product, but Kellogg will limit and qualify such claims wherever made to

2  "Clinical studies have shown that kids who eat a filling breakfast like Frosted Mini-Wheats

3  have an 11% better attentiveness in school than kids who skip breakfast," or words to the same

4  effect.  In the event Defendant makes claims about the impact on memory or other cognitive

5  function from eating the Product, Kellogg will similarly limit and qualify any such claims.  As

6  used here, advertising includes the packaging of the Product and any type of advertisement or

7  promotion of any kind, including on radio, television, the Internet, newspapers, periodicals,

8  point of purchase displays and all other media.

9           2.      Beginning 30 days after the Effective Date and for a period of nine

10  months following the Effective Date, and as a *cy pres* remedy given the difficulty and expense

11  in locating Settlement Class Members and otherwise meeting the requirements of a

12  distribution under the *cy pres* doctrine, Defendant shall distribute to charities that provide food

13  to the indigent a total of $5.5 million worth of any of the following Kellogg branded food

14  items:  All-Bran®, Corn Flakes Cereal, Cracklin' Oat Bran® Cereal, FiberPlus Antioxidant

15  Bars, Low Fat Granola, Mueslix® Cereal, Nutri-Grain® Products, Product 19® Cereal, Raisin

16  Bran® Cereal, Raisin Bran Crunch® Cereal, Smart Start® Cereal, Special K® Cereal

17  products, Morningstar Farms® Veggie Foods, and Rice Krispies® Cereal.  The charities shall

18  be agreed upon by the Parties and approved by the Court, and shall not incur any charge for

19  the receipt of this food.

20  **V.      NOTICE TO THE CLASS, COMMUNICATIONS WITH SETTLEMENT**
    **CLASS MEMBERS AND REDEMPTION OF SETTLEMENT RELIEF**

21

22       **A.      Class Notice**

         The Class Notice shall conform to all applicable requirements of the Federal Rules of

23  Civil Procedure, the United States Constitution (including the Due Process Clauses), and any

24
    other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties
25
    and approved by the Court. Collectively, the Class Notice shall set forth the following
26
    information:
27
                    1.      General Terms. The Class Notice shall:
28

BLOOD HURST & O'REARDON, LLP

(a)    inform Settlement Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed settlement;

(b)    contain a short, plain statement of the background of the Litigation, the Class certification and the proposed settlement;

(c)    describe the proposed settlement relief outlined in this Stipulation;

(d)    explain the impact of the proposed settlement on any existing litigation, arbitration or other proceeding; and

(e)    state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement.

2.    Notice of Exclusion and Objection Rights.  The Class Notice shall inform Settlement Class Members:

(a)    that they may exclude themselves from the Class by submitting a written exclusion request postmarked no later than 30 days before the date of the Settlement Hearing;

(b)    that any Settlement Class Member who has not submitted a written request for exclusion may, if he or she desires, object to the proposed settlement by filing and serving a written statement of objections along with proof of membership in the Class no later than 30 days before the Settlement Hearing;

(c)    that any Settlement Class Member who has filed and served written objections to the proposed settlement may, if he or she so requests, enter an appearance at the Settlement Hearing either personally or through counsel;

(d)    that any Judgment entered in the Litigation, whether favorable or unfavorable to the Class, shall include, and be binding on, all Settlement Class Members who have not been excluded from the Class, even if they have objected to the proposed settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant; and

(e)    of the terms of the release.

1    3.    No later than 60 days before the Settlement Hearing, the Class Notice

2  shall be posted on the Settlement Website and, at their option, on the websites of Class

3  Counsel. The Class Notice shall also be sent via electronic mail or regular mail to those Class

4  Members who so request. The Class Notice shall remain available by these means until 101

5  days after the Court enters the Judgment.

6    **B.    Publication Notice**

7    No later than 60 days before the Settlement Hearing, the Class Action Settlement

8  Administrator will cause to be published in accordance with the media plan, attached as

9  Exhibit G, the Publication Notice, a copy of which is attached as Exhibit D. The Publication

10  Notice shall also be posted on the Settlement Website until 101 days after the Effective Date.

11    **C.    Retention of Class Action Settlement Administrator**

12    Defendant shall, subject to the approval of Class Counsel, retain one or more Class

13  Action Settlement Administrators (including subcontractors) to help implement the terms of

14  the proposed Stipulation. Defendant shall pay all costs associated with the Class Action

15  Settlement Administrator, including costs of providing notice to the Class Members and

16  processing claims.

17    1.    The Class Action Settlement Administrator(s) shall assist with various

18  administrative tasks, including, without limitation, (a) mailing or arranging for the mailing or

19  other distribution of the Class Notice and Claim Forms to Settlement Class Members, (b)

20  arranging for publication of the Publication Notice, (c) handling returned mail not delivered to

21  Settlement Class Members, (d) attempting to obtain updated address information for

22  Settlement Class Members and for any Class Notice Packages returned without a forwarding

23  address or an expired forwarding address, (e) making any additional mailings required under

24  the terms of this Stipulation, (f) answering written inquiries from Settlement Class Members

25  and/or forwarding such inquiries to Class Counsel or their designee, (g) receiving and

26  maintaining on behalf of the Court and the Parties any Settlement Class Member

27  correspondence regarding requests for exclusion to the settlement, (h) establishing the

28  Settlement Website that posts notices, Claim Forms and other related documents, (i) receiving

BLOOD HURST & O'REARDON, LLP

00019640

12

No. 3:09-CV-01786-IEG(WMC)

1    and processing claims and distributing payments to Settlement Class Members, and (j)

2    otherwise assisting with administration of the Stipulation.

3         2.    The contract with the Class Action Settlement Administrator shall

4    obligate the Class Action Settlement Administrator to abide by the following performance

5    standards:

6         (a)    The Class Action Settlement Administrator shall accurately and

7    neutrally describe, and shall train and instruct its employees and agents to accurately and

8    objectively describe, the provisions of this Stipulation in communications with Settlement

9    Class Members;

10        (b)    The Class Action Settlement Administrator shall provide

11   prompt, accurate and objective responses to inquiries from Class Counsel or their designee,

12   Defendant and/or Defendant's Counsel.

13   **VI.    APPROVAL PROCEDURES AND RELATED PROVISIONS**

14        **A.    Preliminary Approval and Settlement Hearing**

15        Promptly after execution of this Stipulation, the Parties shall submit this Stipulation to

16   the Court and shall jointly apply for entry of a Preliminary Approval Order preliminarily

17   approving this Stipulation, providing for the dissemination of the Class Notice, and scheduling

18   a Settlement Hearing.

19        **B.    Requests for Exclusion**

20        1.    Any potential Settlement Class Member who wishes to be excluded

21   from the Class must mail or deliver a written request for exclusion to the Clerk of the Court,

22   care of the address provided in the Class Notice, postmarked or delivered no later than 30 days

23   before the Settlement Hearing, or as the Court otherwise may direct. The written request for

24   exclusion must request exclusion from the Class, must be signed by the potential Settlement

25   Class Member and include a statement indicating that the requested is a member of the

26   Settlement Class. A list reflecting all requests for exclusion shall be filed with the Court by

27   Defendant at or before the Settlement Hearing.

28

BLOOD HURST & O'REARDON, LLP

00019640

13

No. 3:09-CV-01786-IEG(WMC)

1        2.    Any potential Settlement Class Member who does not file a timely

2    written request for exclusion as provided in the preceding §VI.B.1 shall be bound by all

3    subsequent proceedings, orders and the Judgment in this Litigation relating to this Stipulation,

4    even if he or she has pending, or subsequently initiates, litigation, arbitration or any other

5    proceeding against Defendant relating to the Released Claims.

6    **VII.   RELEASES**

7        As of the Effective Date, Plaintiffs and each Settlement Class Member who has not

8    validly excluded himself or herself from the Settlement Class pursuant to §VI.B of this

9    Stipulation shall be deemed to have, and by operation of the Judgment shall have, fully,

10   finally, and forever released, relinquished, and discharged all Released Claims against the

11   Released Persons. In connection with the Released Claims, each Settlement Class Member

12   shall be deemed as of the Effective Date to have waived any and all provisions, rights, and

13   benefits conferred by §1542 of the California Civil Code and any statute, rule, and legal

14   doctrine similar, comparable, or equivalent to California Civil Code §1542, which reads as

15   follows:

16           A general release does not extend to claims which the creditor does not
        know or suspect to exist in his or her favor at the time of executing the release,

17           which if known by him or her must have materially affected his or her
        settlement with the debtor.

18

19   **VIII.   CLASS COUNSEL'S ATTORNEYS' FEES, COSTS AND EXPENSES AND
       CLASS REPRESENTATIVE INCENTIVE AWARDS**

20       A.    Class Counsel agrees to make, and Defendant agrees not to oppose, an

21   application for the fee and expense award in the Litigation not to exceed a total of $2 million

22   in attorneys' fees and reasonable, actual out-of-pocket expenses ("Fee and Expense Award").

23   Subject to the terms and conditions of this Stipulation and any order of the Court, Kellogg (or

24   its successor in interest or insurer) shall pay the Fee and Expense Award awarded by the Court

25   to Class Counsel within ten days after the Effective Date.  In the event the Judgment entered

26   pursuant to this settlement shall not become final, Class Counsel shall return in full the amount

27   of attorneys' fees and expenses paid to them pursuant to this provision.

28

BLOOD HURST & O'REARDON, LLP

00019640

14

B.   Class Counsel, in their sole discretion, shall allocate and distribute the Court's Fee and Expense Award among Class Counsel.

C.   Kellogg further agrees to pay within ten days after the Effective Date a class representative incentive award of $5,000 each to Harry Dennis and John Koz.

**IX.   CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

A.   The Effective Date of this Stipulation shall be the first date after which all of the following events and conditions have been met or have occurred:

1.   The Court has preliminarily approved this Stipulation;

2.   The Court has entered the Judgment; and

3.   Unless the Parties otherwise agree in writing to waive all or any portion of the following provision, there has occurred: (i) in the event there is a properly and timely filed objection to entry of the Final Judgment and Order, the expiration (without the filing or noticing of an appeal) of the time to appeal from the Final Judgment and Order; (ii) the final dismissal of an appeal from the Final Judgment and Order; (iii) affirmance on appeal of the Final Judgment and Order in substantial form; (iv) if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Judgment and Order, the time to petition for a *writ of certiorari* with respect to such ruling or decision has expired; or (v) if a petition for a *writ of certiorari* with respect to the Final Judgment and Order is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Judgment and Order in substantial form.

B.   If all of the conditions specified in §IX.A of this Stipulation are not met, then this Stipulation shall be canceled and terminated unless Class Counsel and Defendant mutually agree in writing to proceed with this Stipulation.

C.   In the event that this Stipulation is not approved by the Court or the settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective pre-settlement positions in the Litigation, including with regard to any agreements concerning tolling and similar agreements, and this

BLOOD HURST & O'REARDON, LLP

1     entire Stipulation shall become null and void. Defendant shall be responsible for all

2     administrative and notice costs and expenses, including the costs of notifying the Class and

3     any claims administration costs.

4     **X.     MISCELLANEOUS PROVISIONS**

5            A.     The Parties hereto and their undersigned counsel agree to undertake their best

6     efforts and mutually cooperate to promptly effectuate this Stipulation and the terms of the

7     settlement set forth herein, including taking all steps and efforts contemplated by this

8     Stipulation and any other steps and efforts which may become necessary by order of the Court

9     or otherwise.

10           B.     The undersigned counsel represent that they are fully authorized to execute and

11     enter into the terms and conditions of this Stipulation on behalf of their respective clients.

12           C.     This Stipulation contains the entire agreement among the Parties hereto and

13     supersedes any prior agreements or understandings between them.  Except for §I, all terms of

14     this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all

15     Parties.  The terms of this Stipulation are and shall be binding upon each of the Parties, their

16     agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any

17     interest in the subject matter through any of the Parties, including any Settlement Class

18     Member.

19           D.     Whenever this Stipulation requires or contemplates that one Party shall or may

20     give notice to the other, notice shall be provided by facsimile, email and/or next day

21     (excluding Sunday) express delivery service as follows:

22              1.     If to Plaintiffs, then to:

23

24                   Timothy G. Blood
tblood@bholaw.com
Blood Hurst & O'Reardon, LLP
25                   600 B Street, Suite 1550
San Diego, CA  92101
26                   Telephone: 619/338-1100
Facsimile:  619/338-1101

27

28

BLOOD HURST & O'REARDON, LLP

2.    If to Defendant, then to:

> Dean N. Panos
> dpanos@jenner.com
> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654-3456
> Telephone: 312/923-2765
> Facsimile: 312/840-7765
>
> Richard P. Steinken
> rsteinken@jenner.com
> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654-3456
> Telephone: 312/923-2938
> Facsimile: 312/840-7338

E.    All time periods set forth herein shall be computed in business days if seven days or less and calendar days if eight days or more unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the Office of the Clerk or the Court inaccessible, in which event the period shall run until the end of the next day as not one of the aforementioned days. As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

F.    The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Stipulation in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Stipulation.

G.    This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and any of Defendant's Counsel. Amendments and modifications

BLOOD HURST & O'REARDON, LLP

1    may be made without additional notice to the Settlement Class Members unless such notice is
2    required by the Court.

3        H.    The exhibits to this Stipulation are an integral part of the Settlement and are
4    hereby incorporated and made a part of this Stipulation.

5        I.    Neither this Stipulation nor the settlement, nor any act performed or document
6    executed pursuant to or in furtherance of this Stipulation or the settlement: (i) is or may be
7    deemed to be or may be used as an admission of, or evidence of, the validity of any Released
8    Claim, or of any wrongdoing or liability of Defendant, or of the propriety of Class Counsel
9    maintaining the Litigation as a class action; or (ii) is or may be deemed to be or may be used
10   as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or
11   administrative proceeding in any court, administrative agency, or other tribunal, except that
12   Defendant may file this Stipulation or the Judgment in any action that may be brought against
13   any Released Person in order to support a defense or counterclaim based on principles of *res*
14   *judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any
15   other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16       J.    The Court shall retain jurisdiction with respect to the implementation and
17   enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of
18   the Court for purposes of implementing and enforcing the settlement embodied in this
19   Stipulation.

20       K.    This Stipulation shall be deemed to have been executed upon the last date of
21   execution by all of the undersigned.

22       L.    This Stipulation may be executed in counterparts, each of which shall constitute
23   an original.

24       IN WITNESS THEREOF, the Parties hereto have caused this Stipulation to be
25   executed by their duly authorized representatives.

26   Dated: September 10, 2010        BLOOD HURST & O'REARDON, LLP
27           TIMOTHY G. BLOOD

28           By: _____
               TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP

600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012-3311
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com
        - and –
TODD D. CARPENTER
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619/756-6978
602/798-5825 (fax)
tcarpenter@bffb.com

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
frank@piscitellilaw.com

CLIMACO, WILCOX, PECA, TARANTINO
   & GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)
jrclim@climacolaw.com
pwarn@climacolaw.com

WHATLEY, DRAKE & KALLAS, LLC
PATRICK J. SHEEHAN
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: 212/447-7070
212/447-7077 (fax)
psheehan@wdklaw.com

Attorneys for Plaintiff

BLOOD HURST & O'REARDON, LLP

1   DATED: ____, 2010          KELLOGG COMPANY

2                              By: _____

3                                      GARY H. PILNICK
                               Senior Vice President, General Counsel,
4                              Corporate Development and Secretary

5                              JENNER & BLOCK LLP
6                              DEAN N. PANOS (admitted *pro hac vice*)
                               RICHARD STEINKEN(admitted *pro hac vice*)
7                              353 N. Clark Street
                               Chicago, IL 60654-3456
8                              Telephone: 312/923-2765
                               312/840-7765 (fax)
9                              dpanos@jenner.com
                               rsteinken@jenner.com

10                             BRENT L. CASLIN (198682)
11                             KENNETH K. LEE (264296)
                               633 West 5th Street, Suite 3500
12                             Los Angeles, CA 90071-2054
                               Telephone: 213/239-5100
13                             213/239-5199 (fax)
                               bcaslin@jenner.com
14                             klee@jenner.com

15                             Attorneys for Defendant Kellogg Company

16
                                    ECF CERTIFICATION
17
        The filing attorney attests that he has obtained concurrence regarding the filing of this
18
    document from the signatories to this document.
19
    DATED: ____, 2010          BLOOD HURST & O'REARDON, LLP
20
                               By: _____/s/ Timothy G. Blood_____
21                                        TIMOTHY G. BLOOD

22

23

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP

BLOOD HURST & O'REARDON, LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 10, 2010.

s/Timothy G. Blood
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

00019640

21

No. 3:09-CV-01786-IEG(WMC)