BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN (AZ 005425)
ELAINE A. RYAN (AZ 012870)
PATRICIA N. SYVERSON
  (CA 203111; AZ 020191)
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012-3311
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
frank@piscitellilaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JON KOZ, On Behalf of Themselves and All Other Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KELLOGG COMPANY, a Delaware Corporation,<br><br>Defendant. | Case No.: 3:09-CV-01786-IEG(WMC)<br><br>CLASS ACTION<br><br>DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Courtroom: 1, 4th Floor<br>Judge: Honorable Irma E. Gonzalez<br>Date Filed: August 17, 2009<br>Trial Date: TBD |

I, TIMOTHY G. BLOOD, declare as follows:

1. I am the managing partner of the law firm Blood Hurst & O'Reardon, LLP, one of the attorneys of record for Plaintiffs. I have personal knowledge of the matters set forth in this declaration and, if called to testify to them, would be competent to do so.

2. In or about March or April, 2009, I, along with lawyers from the Piscitelli Law Firm and Climaco, Wilcox, Peca, Tarrantino & Garofoli Co., L.P.A., began investigating the marketing claims that are the subject of this lawsuit made by defendant Kellogg Company, including whether there was any scientific substantiation to support those claims. Our efforts included obtaining advertisements (including labeling) from a variety of sources and throughout the country, performing medical research into the claims and related areas, sending a Freedom of Information Act ("FOIA") request to the U.S. Federal Trade Commission ("FTC") and reviewing and analyzing the information collected.

3. In late April and early May 2009, we drafted a class-action complaint.

4. On May 5, 2009, on behalf of Mr. Koz, we sent a pre-suit demand letter to Kellogg along with the proposed complaint, which alleged violations of Ohio's Consumer Sales Practice Act (Ohio Rev. Code §1345, *et. seq.*), Ohio's Deceptive Trade Practices Act, (Ohio Rev. Code §4165, *et. seq.*) and Breach of Warranty.

5. Meanwhile, and separate from the work being performed by my group and me, a separate analysis of the claims and factual investigation was being performed by the law firm of Bonnett, Fairbourn, Freidman & Balint, P.C., on behalf of their client, Plaintiff Dennis.

6. On August 17, 2009, plaintiff Dennis filed a complaint against Kellogg in this District Court.

7. Meanwhile, the law firm of Whatley, Drake & Kallas, LLC and attorney Howard Rubinstein also conducted their own investigation and analysis of Kellogg's alleged conduct.

8. After receiving Mr. Koz' May 5, 2009 demand letter, Kellogg contacted my co-counsel, Frank Piscitelli, to discuss the possibility of a resolution. Kellogg subsequently contacted the other plaintiffs' counsel as well. In late May 2009, we also agreed to not file the

complaint sent to Kellogg earlier that month, based on Kellogg's request that we not do so, and its cooperation in informally exchanging information and a stated willingness to discuss settlement.

9.   Ultimately, once all of the plaintiffs' counsel learned of each others' involvement in this matter, we decided that joining forces and working together would best advance the cases on behalf of our clients and the proposed classes. Collectively, we continued to obtain additional information about the matter and pursue settlement discussions with Kellogg.

10.   During this process, we demanded and received additional information and data (including sales data) from Kellogg and, after analyzing this additional information, engaged in several months of informal attempts to resolve the claims at issue.

11.   Ultimately, the Parties' informal attempts to settle the matter were not successful. Therefore the Parties agreed to attend mediation.

12.   On January 13, 2010, the Parties participated in a full day, fully briefed mediation session with Martin Quinn, Esq. of JAMS in San Francisco, both leading up to the mediation and after the Parties held numerous settlement negotiation conference calls. From the outset of the negotiating process, the Parties agreed to refrain from discussing the issue of attorneys' fees and expenses until all material terms of a settlement were finalized.

13.   By February 2010, the Parties' negotiations move beyond constructing a framework for settlement and to the point of proposing specific substantive settlement terms. Over the next three to four months, the Parties continued settlement discussions in earnest, negotiating the specific terms of the agreement, the release, the notice program, the claims submission process and the accompanying exhibits. These additional negotiations ultimately resulted in the Stipulation of Settlement, along with its accompanying exhibits.

14.   The Parties did not negotiate attorneys' fees and reimbursement of expenses until after agreement was reached on the substantive aspects of the settlement.

15.   Attached are true and correct copies of the following documents:

Exhibit 1:   Firm Resume for Blood Hurst & O'Reardon, LLP;

| | | |
|---|---|---|
| Exhibit 2: | Firm Resume for Bonnett, Fairbourn, Friedman & Balint, P.C.; |
| Exhibit 3: | Firm Resume for Whatley, Drake & Kallas, LLC; |
| Exhibit 4: | Firm Resume for Piscitelli Law Firm; and |
| Exhibit 5: | Firm Resume for Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of September, 2010, at San Diego, California.

                                                                                        s/Timothy G. Blood  
                                                                                       TIMOTHY G. BLOOD

CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 10, 2010.

s/Timothy G. Blood<br>
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP<br>
600 B Street, Suite 1550<br>
San Diego, CA 92101<br>
Telephone: 619/338-1100<br>
619/338-1101 (fax)<br>
tblood@bholaw.com