# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JOHN KOZ, on behalf of themselves and all others similarly situated,<br><br>                            Plaintiff,<br>vs.<br><br>KELLOGG COMPANY, a Delaware corporation,<br><br>                            Defendant. | CASE NO. 09-CV-1786-IEG(WMc)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Doc. No. 35] |

Presently before the Court is Plaintiffs Harry Dennis and John Koz's motion for preliminary approval of the settlement set forth in the Stipulation of Settlement, filed September 10, 2010. For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

## BACKGROUND

### I. Procedural History

On August 17, 2009, Plaintiff Harry Dennis filed a class action Complaint against Defendant Kellogg Company for false and deceptive advertising and breach of express warranty. The Complaint alleged two causes of action for violation of California's Unfair Competition Law and unjust enrichment. Plaintiffs allege Defendant made false and unsubstantiated representations in its advertising and labeling that consumption of Frosted Mini-Wheats products was clinically shown to

improve children's attentiveness by nearly 20%. On June 22, 2010, Plaintiff Harry Dennis filed a First Amended Complaint, adding Plaintiff John Koz. The First Amended Complaint also added causes of action for violations of other states' unfair competition and consumer statutes.[1]

On September 10, 2010, the parties filed a Stipulation of Settlement and the instant motion for preliminary approval of the proposed settlement. (Doc. No. 34.)

## II. The Proposed Settlement

Pursuant to the proposed settlement, the class members include:

> All persons or entities in the United States who purchased the Product from January 28, 2008 up to and including October 1, 2009. Excluded from the Class are Kellogg's employees, officers, directors, agents, and representatives, and those who purchased the Product for the purpose of re-sale.

Under the proposed settlement, a non-revertible fund of $2.75 million will be established to provide cash payments to class members who submit valid Claim Forms. Class members may recover the full purchase price of the cereal they purchased ($5 per box), up to three boxes. The parties anticipate money will be left over. Therefore, any money remaining will be distributed to appropriate charities pursuant to the *cy pres* doctrine. In addition, Defendant will distribute $5.5 million worth of specified food items to charities that feed the indigent. Defendant will also discontinue making the alleged misrepresentations. The proposed settlement details acceptable alternative language. Finally, Defendant will pay, separate and apart from the Settlement Fund, the cost of the Class Notice, claims administration, and Class Counsels' attorney's fees and expenses (not to exceed $2 million).

In exchange for these awards, each final settlement class member will release Defendant from all claims arising out of or in connection to Defendant's advertising, marketing, packaging, promotion, sale and distribution of the products at issue, which could have been asserted or which reasonably could have been asserted by the Class in this action.

## DISCUSSION

When the parties reach a settlement agreement prior to class certification, the Court is under

---

[1] A Corrected First Amended Complaint was filed on June 23, 2010, which corrected certain non-substantive deficiencies.

an obligation to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003).  Thus, the Court must first assess whether a class exists, and second, determine whether the proposed settlement is "fundamentally fair, adequate, and reasonable." Id. (citations omitted). Here, the Court will first examine the propriety of class certification, followed by the fairness of the settlement agreement, and will then address the questions of class counsel and class notice.

**I.     Class Certification**

   A.     Rule 23(a) requirements

Plaintiffs seek to certify the class in the proposed settlement, as previously set forth.  A plaintiff seeking a Rule 23(b)(3) class certification must first satisfy the four prerequisites of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a).  The Court examines each requirement in turn.

   *1.     Numerosity*

The numerosity prerequisite is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14 (9th Cir. 1964) (citing Advertising Specialty Nat. Ass'n v. FTC, 238 F.2d 108, 119 (1st Cir. 1956). Here, Plaintiffs asserts Defendant is a nationwide manufacturer, and Frosted Mini-Wheats is among its most popular food brands. (Mot. for Prelim. Approval, at 13.) Plaintiffs further assert hundreds of thousands of purchases were made during the class period. (Mot. for Prelim. Approval, at 13.)  The Court finds it is reasonably inferable that the class members in this case are too numerous to be joined as plaintiffs in this lawsuit. Accordingly, the numerosity requirement is met.

   *2.     Commonality*

The commonality requirement is met if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement is construed "permissively." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). All questions of fact and law need not be

common, but rather "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id. Here, whether Defendant's representation that consumption of Frosted Mini-Wheats products improves children's attentiveness by 20% is false is an issue common to all class members. Accordingly, the commonality requirement is met.

### 3. *Typicality*

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The representative claims are "typical" if they are "reasonably co-extensive with those of absent class members," though they "need not be substantially identical." Hanlon, 150 F.3d at 1020. Here, Plaintiffs allege Plaintiffs and class members were exposed to and allegedly harmed by the same misrepresentations. Accordingly, the typicality requirement is met.

### 4. *Adequacy of representation*

Finally, the representative parties must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit finds representation adequate if the plaintiffs (1) "do not have conflicts of interest with the proposed class" and (2) are "represented by qualified and competent counsel." Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1185 (9th Cir. 2007). At the heart of this requirement is the "concern over settlement allocation decisions." Hanlon, 150 F.3d at 1020.

In this case, allocation appears reasonable under the proposed settlement. The distribution to the class is based on each class members' purchases of Frosted Mini-Wheats products. If the total number of valid claims exceeds the amount of available money, each award will be reduced pro rata. Although Plaintiffs will seek a $5,000 incentive award, which Defendant has agreed to pay, this award appears reasonable in light of their efforts on behalf of the class members. See, e.g., In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 463 (9th Cir. 2000) (approving $5,000 incentive awards to each of two class representatives). In addition, Plaintiffs' counsel is qualified and competent, and have extensive experience in complex litigation and consumer class actions. (See Declaration of Timothy Blood, Exs. 1-4.) Accordingly, the adequacy of representation requirement is met.

For the foregoing reasons, Plaintiff has satisfied the prerequisites of Rule 23(a).

B.  Rule 23(b)(3) Requirements

Plaintiffs propose certification pursuant to Rule 23(b)(3). To certify a class under Rule 23(b)(3), the Court must find (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

*1.  Predominance*

The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Hanlon, 150 F.3d at 1022 (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997)). This analysis requires more than proof of common issues of law or fact. Id. Rather, the common questions must "present a significant aspect of the case [that] they can be resolved for all members of the class in a single adjudication." Id. (citation omitted). In the present case, the alleged claims stem entirely from Defendant's alleged misrepresentations that consumption of Frosted Mini-Wheat products improves children's attentiveness by 20%. The central issue for every class member is whether Defendant had substantiation for the alleged misrepresentation. Accordingly, the predominance requirement is met.

*2.  Superiority*

The superiority inquiry requires determination of "whether objectives of the particular class action procedure will be achieved in the particular case." Hanlon, 150 F.3d at 1023 (citation omitted). Notably, the class-action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir.1996) (citation omitted). In the present case, the amount of damages to which each class member is entitled to is relatively small. Thus, many claims likely could not be successfully asserted individually because, "[e]ven if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs." See Hanlon, 150 F.3d at 1023. Accordingly, a class action constitutes a superior method of adjudication.

Because Plaintiff has satisfied the requirements of Rule 23(b)(3), the Court GRANTS

preliminary certification of the class for the purposes of the proposed settlement. This finding may be reviewed at the Final Approval Hearing.

**II.  The Settlement**

Rule 23(e) requires the Court to determine whether a proposed settlement is "fundamentally fair, adequate, and reasonable." Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003) (quoting Hanlon, 150 F.3d at 1026). To make this determination, the Court must consider a number of factors, including: (1) the strength of Plaintiffs' case; (2) "the risk, expense, complexity, and likely duration of further litigation;" (3) "the risk of maintaining class action status throughout the trial;" (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. See id. (citations omitted). In addition, the settlement may not be the product of collusion among the negotiating parties. In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000) (citing Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1290 (9th Cir. 1992)).

Given that some of these factors cannot be fully assessed until the Court conducts the Final Approval Hearing, "a full fairness analysis is unnecessary at this stage." See Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008) (citation omitted). Rather, at the preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible "range of possible judicial approval" and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate. See 4 William B. Rubenstein et al., Newberg on Class Actions § 11:25 (4th ed.2002) (citations omitted); see also Wright, 259 F.R.D. at 472 (citation omitted); Alberto, 252 F.R.D. at 666 (citation omitted). Preliminary approval of a settlement and notice to the proposed class is appropriate: "[i]f (1) the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, (2) has no obvious deficiencies, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls with the range of possible approval." Vasquez v. Coast Valley Roofing, Inc., 2009 WL 3857428, at *7 (E.D. Cal. Nov. 17, 2009) (citing In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079

(N.D. Cal. 2007)).

Here, the proposed settlement appears to be fair on its face and is "within the range of possible approval." The parties engaged in a full-day mediation session, and then heavily negotiated every aspect of the proposed settlement over several months before settlement was achieved. (Blood Decl. ¶¶ 12-13.) Thus, the proposed settlement appears to be the product of serious, informed, noncollusive negotiations. In addition, the proposed settlement has no obvious deficiencies and does not improperly grant preferential treatment to class representatives or segments of the class. The funds will be distributed to individual class members based on the number of products purchased. To obtain cash payment, class members need only fill out a simple form providing their name, address, and the number of boxes of cereal purchased during the class period. The proposed settlement also provides for injunctive relief to stop the alleged misrepresentations.

Finally, because identification of class members in this case is difficult or impossible, the requirement that Defendant make a substantial charitable donation is appropriate. See, e.g., Vista HealthPlan, Inc. v. Warner Holdings Co. III, LTD, 246 F.R.D. 349 (D.D.C. 2007); In re Toys "R" Us Antitrust Litig., 191 F.R.D. 347, 353-54 (E.D.N.Y. 2000). Defendant sells through retailers, rather than directly to consumers, so there is no way to identify class members directly. In addition, Frosted Mini-Wheats is an established product that many consumers routinely purchase, making it difficult to identify those consumers who purchased the products based on the alleged false advertising.

Therefore, the Court GRANTS preliminary approval of the proposed settlement. A determination of the reasonableness of attorneys' fees is reserved for the Final Approval Hearing.

**III.   Class Counsel and Class Representative**

Traditionally, the choice of counsel has been left to the parties, "whether they sue in their individual capacities or as class representatives." In re Cavanaugh, 306 F.3d 726, 734 (9th Cir. 2002) (citation omitted). As already noted, Plaintiffs' counsel has extensive experience in complex litigation and consumer class actions. Because Plaintiffs' counsel appears to be competent to represent the class, the Court appoints Blood Hurst & O'Reardon, LLP, Piscitelli Law Firm, Bonnett, Fairbourn, Friedman & Balint, P.C., Whatley, Drake & Kallas, LLC, and Climaco, Wilcox, Peca, Tarantino &

Garofol Co., L.P.A. as Class Counsel.

The Court further deems Plaintiffs Harry Dennis and John Koz adequate representatives of the class, and designates them as class representatives.

**V.  Notice to Class Members**

The class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). In addition, the class notice must satisfy the content requirements of Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (viii) the binding effect of a class judgment on members under Rule 23(c)(3).

    A.    Content of the Notice

The content of the proposed notice in this case is adequate. It provides: (1) information on the nature of the case and the definition of the settlement class; (2) the terms and provisions of the proposed settlement; (3) the relief settlement class members will be entitled to, including a specific estimate of the amount to be paid to each eligible member; (4) information regarding attorneys' fees and expenses, and Plaintiffs' incentive awards; (5) the procedures and deadlines for submitting objections and/or requests for exclusion; and (6) the date, time, and place of the Final Approval Hearing. (See Mot. for Settlement, Ex. C., [Proposed] Class Notice)

    B.    Method of Notice

The proposed method of notice is reasonable. Defendant will provide notice to the class after preliminary approval of the proposed settlement. Because Defendant does not sell directly to consumers, there is no way to identify class members directly. Therefore, Defendant will publish a Publication Notice in targeted sources based on market research about consumers who purchased the

products. (Mot. for Settlement, Ex. D; Mot. for Prelim. Approval, at 6-7.) The Publication Notice will appear in Parents Magazine and in on-line versions of local newspapers and television stations on 375 websites. The Publication Notice incorporates the Claim Form (Mot. for Settlement, Ex. A), which class members can directly fill out and return. In addition, a more detailed Notice of Class Action, along with the Claim Form, will be available on the Settlement Website. (Mot. for Settlement, Ex. C.) Class members can also request these documents via a toll-free number established for the settlement. The last day to complete publication of the Claim Notice and to activate the Settlement Website is 60 days before the Settlement Hearing. The last day to opt out or object is 30 days before the Settlement Hearing.

After review of the proposed notice and settlement agreement, the Court finds that the notice is adequate and sufficient to inform the class members of their rights. Accordingly, the Court approves the form and manner of giving notice of the proposed settlement.

## **CONCLUSION**

For the foregoing reasons, the Court issues the following orders:

**I.  THE SETTLEMENT CLASS IS CERTIFIED**

(1) Plaintiffs' request for preliminary certification of the class for purposes of the proposed settlement is GRANTED. Settlement class members shall be defined as: "All persons or entities in the United States who purchased the Product from January 28, 2008 up to and including October 1, 2009. Excluded from the Class are Kellogg's employees, officers, directors, agents, and representatives, and those who purchased the Product for the purpose of re-sale."

(2) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiffs in the Litigation as class representatives of the Class.

(3) Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Class Counsel to represent the Class.

**II.  THE STIPULATION IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET**

(4) Pursuant to Federal Rule of Civil Procedure Rule 23(e), the Court will hold a final

approval hearing (the "Settlement Hearing") on **Monday, February 14, 2011, at 10:30 a.m.** for the following purposes:

 (a) finally determining whether the Class meets all applicable requirements of Federal Rules of Civil Procedure, Rule 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

 (b) determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court;

 (c) considering the application of Class Counsel for a Fee and Expense Award as provided for under the Stipulation;

 (d) considering the application of Plaintiffs for incentive awards for serving as class representatives, as provided for under the Stipulation;

 (e) considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree;

 (f) whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

 (g) ruling upon such other matters as the Court may deem just and appropriate.

 (5) The Court may adjourn the Settlement Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

 (6) The Parties may further modify the Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

 (7) Class members must file and serve any objections to the proposed settlement **no later than 30 days prior to the Settlement Hearing**, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

 (8) Opening papers in support of the Settlement and any application for a Fee and Expense

Award and/or class representative incentive awards must be filed with the Court and served **at least 45 days prior to the Settlement Hearing**.

### III.  THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

(9)  The Court approves, as to form and content, the proposed Publication Notice and Notice of Class Action Settlement (collectively the "Class Notice"), which are Exhibits A and C, respectively, to the Motion for Settlement.

(10)  The Court finds that the distribution of Class Notice substantially in the manner and form set forth in the Stipulation of Settlement meets the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

(11)  The Court approves the designation of Garden City Group, Inc. to serve as the Court-appointed Class Action Settlement Administrator for the settlement.  The Class Action Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

(12)  The Court directs the Class Action Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Stipulation.  The Claim Form shall be made available to Class members through the Settlement Website and on the websites of Class Counsel, at their options, no later than the Notice Date as defined below, and continuously thereafter through the Claim-In Period.

(13)  The Class Action Settlement Administrator is ordered to provide Class Notice **no later than 60 days before the Settlement Hearing** (the "Notice Date").

(14)  The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Class Action Settlement Administrator and Class Notice expenses

shall be paid Defendant in accordance with the applicable provisions of the Stipulation.

**IV.   PROCEDURE FOR CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT**

(15)   All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

(16)   The Court approves the Parties' proposed form of the Claim Form. Any Class member who wishes to receive money from the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Class Action Settlement Administrator no later than 80 days after the date the Court enters the Judgment ("Claim-In Period"). Such deadline may be further extended without notice to the Class by Court order.

(17)   The Class Action Settlement Administrator shall have the authority to accept or reject claims in accordance with the Stipulation, including the Claims Administration Protocols.

(18)   The Class Action Settlement Administrator shall send payment to eligible Settlement Class Members or, as applicable, a letter explaining the rejection of the claim, within 30 days of the Effective Date or 30 days from the close of the Claim-In Period, whichever is later.

(19)   Any Class member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel. All Class members who do not enter an appearance will be represented by Class Counsel.

**V.   PROCEDURE FOR REQUESTING EXCLUSION FROM THE CLASS**

(20)   Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a completed request for exclusion to the Clerk of the Court postmarked or delivered **no later than 30 days before the Settlement Hearing** (the "Opt-Out and Objection Deadline"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

(21)   Any Class member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The

written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the Person is a member of the Class. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

(22)   A list reflecting all requests for exclusions shall be filed with the Court by Defendant at or before the Settlement Hearing.

## VI.   PROCEDURE FOR OBJECTING TO THE SETTLEMENT

(23)   Any Class member who desires to object either to the settlement, Fee and Expense Award, or class representative incentive awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or first-class mail a notice of the objection(s) and proof of membership in the Class and the grounds for such objections, together with all papers that the Class member desires to submit to the Court **no later than 30 days prior to the Settlement Hearing**. The Court will consider such objection(s) and papers only if such papers are received on or before the Opt-Out and Objection Deadline provided in the Class Notice, by the Clerk of the Court and by Plaintiff's Counsel and Defendant's counsel. Such papers must be sent to each of the following persons:

>   Timothy G. Blood
>   Blood Hurst & O'Reardon, LLP
>   600 B Street, Suite 1550
>   San Diego, CA  92101
>   Telephone: 619/338-1100
>
>   Dean N. Panos
>   Jenner & Block LLP
>   353 N. Clark Street
>   Chicago, IL 60654-3456
>   Telephone: 312/222-9350

(24)   All objections must include the name, address, and telephone number of the Class Member submitting the objection, and the submitting Class Member's signature.  Each person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the

Settlement Hearing.

(25) All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than Opt-Out and Objection Deadline. Objections received after the Opt-Out and Objection Deadline will not be considered at the Settlement Hearing.

(26) All objections must include a reference to <u>Dennis v. The Kellogg Company</u>, No. 3:09-CV-01786-IEG(WMC) (S.D. Cal.); the name of the Class member on whose behalf the objection is being submitted; and the Class member's address and telephone number. Attendance at the Settlement Hearing is not necessary; however, any Class member wishing to be heard orally with respect to approval of the settlement, the application for the Fee and Expense Award, or the application for class representative incentive awards, is required to provide written notice of their intention to appear at the Settlement Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Notice. Class members who do not oppose the settlement, the applications for the Fee and Expense Award, or class representative incentive awards need not take any action to indicate their approval. A Person's failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Notice waives any right the Person may have to object to the settlement, Fee and Expense Award, or class representative incentive awards, or to appeal or seek other review of the Final Judgment and Order.

**IT IS SO ORDERED.**

**DATED: October 14, 2010.**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**