**NUNC PRO TUNC JAN 13 2011**

**FILED 2011 JAN 14 PM 3:29**
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JOHN KOZ, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KELLOGG COMPANY, a Delaware corporation,<br><br>　　　　Defendant. | Case No. 09-CV-1786-IEG (WMc)<br><br>OBJECTION TO CLASS SETTLEMENT AND TO APPLICATION FOR ATTORNEYS' FEES AND EXPENSES |

　　　I, Omar Rivero, Objector appear herein and file an Objection to Class Settlement and Application for Attorneys' Fees and Expenses. My address is 13641 Camino de Oro Court, Corpus Christi, Texas 78418, and my telephone number is (361) 815-0162. I purchased Kellogg's Frosted Mini-Wheats cereal in the United States between January 28, 2008 and October 1, 2009.

　　　This settlement is objectionable for the following reasons. The proponents of this settlement have not discharged their burden of proof that the settlement is fair, adequate and reasonable. Specifically, there should not be a *cy pres* distribution until all class members are completely made whole. There should not be a limit of payment for three boxes; this limit is arbitrary and unfair.



The only monetary component of this settlement is $2.75 million. $2.75 million is a grossly inadequate amount for this settlement given the amount of Frosted Mini-Wheats sold during the class period. The rest of the settlement is Kellogg branded food that will be distributed to charity. It is ironic to say the least that in a case involving the inappropriate advertising of Kellogg's Mini-Wheats cereal that the settlement would involve donating Kellogg's products to charity. More important, however, is that (1) this donation to charity is of zero value to the class members and (2) presumably Kellogg's makes charitable donations anyway and there is no way of knowing that this donation would not have been done by Kellogg's in the normal course of business. The proponents of this settlement have not discharged their burden of proof on these issues.

Attorneys are seeking $2 million in fees and unspecified expenses. Objection is made that this is excessive on both a lodestar and percentage of recovery basis.

Dated: January 12, 2011

By: _____
Omar Rivero, Pro Se

## CERTIFICATE/PROOF OF SERVICE

**VIA FEDERAL EXPRESS**
**PRIORITY OVERNIGHT DELIVERY**
Clerk of the Court
United States District Court Southern District of California
880 Front Street, Ste. 4290
San Diego, California 92101

**VIA CERTIFIED MAIL-RRR AND FAX**
Timothy G. Blood
Blood Hurst & O'Reardon, LLP
600 B Street, Ste. 1550
San Diego, California 92101
**Class Counsel**

**VIA CERTIFIED MAIL-RRR AND FAX**
Dean N. Panos
Richard P. Steinken
Jenner & Block, LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
**Kellogg's Counsel**

_____
Omar Rivero, Pro Se