# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JON KOZ, On Behalf of Themselves and All Other Others Similarly Situated,<br><br>                 Plaintiffs,<br><br>vs.<br><br>KELLOGG COMPANY, a Deleware Corporation,<br><br>                 Defendants. | **CASE NO: 09-CV-01786-IEG (WMC)**<br><br>**ORDER GRANTING (1) FINAL APPROVAL TO CLASS ACTION SETTLEMENT; (2) AWARD OF ATTORNEY'S FEES; AND (3) JUDGMENT OF DISMISSAL**<br><br>[Doc. No. 40] |

       Presently before the Court is Plaintiffs' motion for final approval of the settlement set forth in the Stipulation of Settlement filed September 10, 2010.  The Court has considered the documents filed by the parties in connection with the proposed class settlement ("Settlement"), the presentations of counsel, as well as the comments and materials received from the parties interested in the Settlement, and on that basis the Court finds as follows:

       1.      The Notice to the Class was the best practicable notice under the circumstances of the case, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.  Pursuant to the Court's Order of Preliminary Approval, the Class Action Settlement Administrator caused to be posted and mailed or emailed to identified potential Class members who so requested the Notice of Class Action Settlement,

and caused to be published the Publication Notice of the proposed settlement (together the "Class Notice"). The Class Notice advised Class members of the following settlement terms: the Settlement Hearing; their right to appear at such Settlement Hearing; their rights to remain in, or opt out of, the Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

2. Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and Interested Persons, the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Martin Quinn of the San Francisco office of JAMS. Approval of the Settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

3. The Settlement is given final approval as a full and final resolution of all claims alleged in the above-titled action. The Court has considered numerous factors, including the opinions and experience of counsel; the procedural history of the case including the litigation status at the time of the Settlement; the risk, expense, complexity, and likely duration of further litigation; the objections of two class members; and the terms negotiated in the Settlement. Accordingly, the Court hereby approves the terms of the Settlement as fair, reasonable, adequate and in the best interests of the parties.

4. All Class members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

5. The Class consists of: "All persons who purchased in the United States Kellogg's Frosted Mini-Wheats cereal between January 28, 2008, and October 1, 2009. Excluded from the Class are Defendant's officers, directors and employees, and those who purchased the products for the purpose of resale."

6. The Court further finds that Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Class, is entitled to a fee. The Court approves payment of $2,400,000.00 in attorneys' fees, representing approximately 19% of the

Settlement Fund. The Court finds that the above attorneys' fees are proper under a percentage calculation. The Class Administrator is directed to pay the above sum to Class Counsel in accordance with the Settlement Agreement.

7. The absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of the settlement are favorable to the Class Members. Of the thousands who received the Class Notice, only two Class Members, Omar Rivero and Stephanie Berg, have objected to the Settlement. They objected to the *cy pres* distribution, to the adequacy of claims relief, and to the level of attorneys' fees.

a. *Cy Pres Distribution*. The objectors argue *cy pres* distributions are only proper after it is proven that distribution to the class is impractical. But Class Members are located throughout the country, purchased the Product from third-party retailers, and their identities remain largely unknown to the parties. Individual notice is thus nearly impossible, and nationwide saturation notice campaigns would be prohibitively expensive. Given the dollar amount of an individual's claim, notice costs could swallow the value of those who make a claim. These facts present the prototypical situation justifying *cy pres* distribution. Accordingly, the objections are overruled.

b. *Adequacy of Claims Relief*. The objectors argue the relief awarded is inadequate because it may not make all class members completely whole. But "[s]ettlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1027 (9th Cir. 1998). While some class members may not be made whole, complete recovery is not required for a settlement to be adequate. Accordingly, the objections are overruled.

c. *Attorneys' Fees*. The objectors argue the attorneys' fees provided under the Settlement are excessive. The attorneys' fees of $2,400,000.00 represent approximately 19% of the Settlement Fund, below the 25% benchmark established by the Ninth Circuit. See Hanlon, 150 F. 3d at 1029. The attorneys' fees provided under the Settlement Agreement are fair and reasonable in light of the results achieved, the risks of litigation, the skill required and the quality of work, the contingent nature of the fee, the burdens carried by class counsel, and the awards made in similar cases. See

1  Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002).  Accordingly, the objections are

2  overruled.

3      8.    The Court retains jurisdiction over the administration and effectuation of the Settlement

4  including, but not limited to, the ultimate disbursal to Claimants and payment of Attorneys' Fees and

5  Costs; and any other issues related to the Settlement and this Order.

6      9.    The above-titled action is hereby dismissed with prejudice.

8      **IT IS SO ORDERED.**

10
11 **DATED:** April 4, 2011
   **IRMA E. GONZALEZ, Chief Judge**
12 **United States District Court**