1  BLOOD HURST & O'REARDON, LLP
   TIMOTHY G. BLOOD (149343)
2  LESLIE E. HURST (178432)
   701 B Street, Suite 1700
3  San Diego, CA 92101
   Telephone: 619/338-1100
4  Fax:: 619/338-1101
   tblood@bholaw.com
5  lhurst@bholaw.com

6  Attorneys for Plaintiff

7  JENNER & BLOCK LLP
   Dean N. Panos (admitted *pro hac vice*)
8  Richard P. Steinken (admitted *pro hac vice*)
   353 North Clark Street
9  Chicago, IL 60654-3456
   Telephone: 312/222 9350
10 Fax: 312/527-0484
   dpanos@jenner.com
11 rsteinken@jenner.com

12 Attorneys for Defendant Kellogg Company

13 [Additional Counsel Appear on Signature Page.]

14          **UNITED STATES DISTRICT COURT**

15          **SOUTHERN DISTRICT OF CALIFORNIA**

| 16 HARRY DENNIS and JON KOZ, On Behalf of Themselves and All 17 Other Others Similarly Situated, | Case No.: 3:09-CV-01786-IEG(WMC) |
|---|---|
| | CLASS ACTION |
| 18     Plaintiff, | STIPULATION OF SETTLEMENT |
| 19     v. | Judge: Hon. Irma E. Gonzalez |
| 20 KELLOGG COMPANY, a Delaware Corporation, | Courtroom: 1, 4th Floor<br>Date Filed: August 17, 2009<br>Trial Date: TBD |
| 21 | |
| 22     Defendant. | |

23

24

25

26

27

28

00057150

This Stipulation of Settlement is made and entered into by and among Plaintiffs Harry Dennis and John Koz ("Plaintiffs"), on behalf of themselves and each of the Settlement Class Members, by and through Class Counsel authorized to settle this Litigation on their behalf, and Defendant The Kellogg Company ("Defendant" or "Kellogg") (collectively, the "Parties"), by and through its counsel of record in this Litigation.

## I.    RECITALS

**A.**    On May 5, 2009, Plaintiff Koz sent a demand letter to Kellogg along with a proposed Complaint alleging violations of Ohio's Consumer Sales Practice Act (Ohio Rev. Code §1345, *et. seq.*), Ohio's Deceptive Trade Practices Act, (Ohio Rev. Code §4165, *et. seq.*) and Breach of Warranty in connection with Defendant's advertising of Kellogg's® Frosted Mini-Wheats cereals ("Product").

**B.**    On August 17, 2009, Plaintiff Dennis filed a complaint against Defendant in the United States District Court for the Southern District of California.   On June 22, 2010, a First Amended Complaint (the "Amended Complaint") was filed by Dennis and Koz.

**C.**    In the Amended Complaint, Plaintiffs allege that Kellogg falsely claimed on its Product labels and packages and in its promotional materials and advertisements that ran during the Settlement Class Period that consumption of Kellogg's® Frosted Mini-Wheats cereal for breakfast improved kids' attentiveness, memory and other cognitive functions to a degree not supported by any competent clinical evidence.   The Amended Complaint alleges: (1) violations of California's Unfair Competition Law ("UCL"), Business & Professions Code §17200, *et. seq.*, and similar laws of the various states, (2) violations of California's Consumers Legal Remedies Act, Civil Code §1750 *et seq.*, and similar laws of the various states and (3) unjust enrichment.   The Amended Complaint seeks equitable monetary relief and injunctive relief.

00057150

Counsel for each of the Plaintiffs conducted separate examinations and evaluations of the relevant law and facts to assess the merits of their respective Plaintiffs' claims and to determine how to best serve the interests of the members of the proposed Class.

**D.** Kellogg's advertising, marketing and promotional campaigns that consumption of Kellogg's® Frosted Mini-Wheats cereal for breakfast improved kids' attentiveness ran nationally from January 28, 2008 to June 16, 2008, from July 28, 2008 to September 15, 2008, and from August 3, 2009 to September 14, 2009. Kellogg's advertising, marketing and promotional campaigns that consumption of Kellogg's® Frosted Mini-Wheats cereal for breakfast improved kids' memory ran nationally from February 9, 2009 to May 11, 2009.

**E.** On January 13, 2010, Class Counsel, Defendant and Defendant's Counsel participated in a mediation conducted by Martin Quinn of JAMS in San Francisco, California. Subsequent to that session, the Parties engaged in protracted, extensive, and hard-fought settlement negotiations.

**F.** The Parties agreed to settle the Litigation pursuant to the terms set forth in a Stipulation of Settlement filed with the Court on September 10, 2010 (ECF No. 34). On October 14, 2010, Judge Irma Gonzalez entered an Order Granting Preliminary Approval of the Settlement (ECF No. 37), and after conducting an open hearing on February 14, 2011 (ECF No. 48), Judge Gonzalez entered an Order Granting Final Approval of the Settlement on April 5, 2011 (ECF No. 49).

**G.** After entry of the Order Granting Final Approval of the Settlement, the Parties caused to be initiated the Notice Program set forth in the Stipulation of Settlement to inform potential Settlement Class Members of the settlement of the Litigation and of the availability of possible reimbursement for purchases of the Product upon submission of a valid claim form. More than 48,000 claim forms seeking reimbursements were submitted by Settlement Class Members,

00057150

but no claims have been paid.

**H.**     Objectors to the settlement appealed the Order Granting Final Approval to the United States Court of Appeals for the Ninth Circuit, Case No. 11-55706, and on July 13, 2012, the Ninth Circuit issued an opinion reversing the approval of the settlement, 2012 WL 2870128 (9th Cir. 2012).     On September 4, 2012, the Ninth Circuit withdrew that opinion and issued a new opinion reversing the District Court's approval of the settlement, 697 F.3d 858 (9th Cir. 2012).  The Ninth Circuit remanded the case to Judge Gonzalez.

**I.**     Following the issuance of the Ninth Circuit's opinion on September 4, 2012, Class Counsel and Defendant's Counsel began settlement discussions but were unable to reach a resolution.  On December 11, 2012, Class Counsel, Defendant and Defendant's Counsel participated in a mediation conducted by the Honorable Richard Haden of JAMS in San Diego, California.  As a result of that mediation session, the Parties have agreed to resolve the Litigation on the terms set forth in this Stipulation of Settlement.

**J.**     Based upon Class Counsel's investigation and evaluation of the facts and law relating to the matters alleged in the pleadings and having given due consideration to the Ninth Circuit's opinions in the Litigation, Plaintiffs and Class Counsel agreed to settle the Litigation pursuant to the provisions of this Stipulation after considering, among other things: (1) the substantial benefits available to the Class under the terms herein; (2) the attendant risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Stipulation to provide effective relief to the Class and to end the conduct at issue.

**K.**     Kellogg has denied and continues to deny each and all of the claims and contentions alleged by Plaintiffs.  Kellogg has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of

00057150

any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

**L.** Nonetheless, Kellogg has concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendant also has taken into account the uncertainty and risks inherent in any litigation. Kellogg, therefore, has determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

**M.** This Stipulation effectuates the resolution of disputed claims and is for settlement purposes only.

## II. DEFINITIONS

**A.** As used in this Stipulation the following capitalized terms have the meanings specified below:

1. "Claim Form" means the document to be submitted by Claimants seeking payment pursuant to this Stipulation that will accompany the Class Notice and will be available online at the Settlement Website, substantially in the form of Exhibit A and discussed in §IV.A.5 of this Stipulation.

2. "Claimant" means a Settlement Class Member who submits a claim for payment as described in §IV of this Stipulation or who previously submitted a claim for payment in response to the Notice that ran after the District Court's entry of the Order Granting Final Approval of the Stipulation of Settlement on April 5, 2011 (ECF No. 49).

3. "Claims Administration Protocols" means the protocols set forth in the Claim Administration Protocols, attached as Exhibit B.

4. "Class" means all persons or entities in the United States who purchased the Product during the Settlement Class Period. Excluded from the

00057150

Class are Kellogg's employees, officers, directors, agents, and representatives and those who purchased the Product for the purpose of re-sale.

5. "Class Action Settlement Administrator" means the company or companies jointly selected by Class Counsel and Defendant's Counsel and approved by the Court to provide Class Notice and to administer the claims process.

6. "Class Counsel" means the attorneys of record for Plaintiffs and means the following individual:

> Timothy G. Blood
> Blood Hurst & O'Reardon, LLP
> 701 B Street, Suite 1700
> San Diego, CA 92101
> Telephone: 619/338-1100

7. "Class Notice" means, collectively, the "Notice of Class Action Settlement" and the "Publication Notice," substantially in the forms of Exhibit C and Exhibit D, respectively, and discussed in §V of this Stipulation.

8. "Court" means the United States District Court for the Southern District of California.

9. "Defendant" means the Kellogg Company.

10. "Defendant's Counsel" means the following individuals:

> Dean N. Panos
> Richard P. Steinken
> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654-3456
> Telephone: 312/222-9350
>
> Brent L. Caslin
> Kenneth K. Lee
> Jenner & Block LLP
> 633 West 5th Street, Suite 3500
> Los Angeles, CA 90071-2054
> Telephone: 213/239-5100

00057150

11.     "Effective Date" means the date on which all of the conditions of settlement have been satisfied, as discussed in §IX of this Stipulation.

12.     "Judgment" means the "Judgment, Final Order and Decree" to be entered by the Court, substantially in the form attached as Exhibit E.

13.     "Litigation" means *Dennis v. Kellogg Company*, Case No. 3:09-CV-01786-IEG(WMC) (S.D. Cal.).

14.     "Party" or "Parties" means the Plaintiffs and Defendant in this Litigation.

15.     "Person" means a natural person, individual, corporation, partnership, association, or any other type of legal entity.

16.     "Plaintiffs" mean and include the class representatives Harry Dennis and John Koz.

17.     "Plaintiffs' Counsel" means Class Counsel and the following individuals:

> Andrew S. Friedman
> Elaine A. Ryan
> Patricia N. Syverson
> Bonnett, Fairbourn, Friedman & Balint, P.C.
> 2325 E. Camelback Road, Suite 300
> Phoenix, AZ 85016
> Telephone: 602/274-1100
>
> Frank E. Piscitelli, Jr.
> Piscitelli Law Firm
> 55 Public Square, Suite 1950
> Cleveland, OH 44113
> Telephone: 216/931-7000
>
> John R. Climaco
> Patrick Warner
> Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.
> 55 Public Square, Suite 1950
> Cleveland, OH 44113
> Telephone: 216/621-8484

00057150

Patrick J. Sheehan
Whatley, Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, NY  10036
Telephone: 212/447-7070

18.     "Preliminary Approval Order" means the "Order re Preliminary Approval of Class Action Settlement," substantially in the form of Exhibit F attached hereto, preliminarily approving this Stipulation, providing for notification to the Settlement Class and seeking the scheduling of the Settlement Hearing.

19.     "Product" means the Frosted Mini-Wheats® branded cereal that is the subject of the Litigation.

20.     "Released Claims" means, with the exception of claims for personal injury, any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Persons, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of or relating to statements concerning attentiveness, memory or any other cognitive function made in or in connection with Defendant's advertising, marketing, packaging, promotion, sale and distribution of the Product, which have been asserted or which could reasonably have been asserted by the Class in the Litigation.

21.     "Released Persons" means and includes Defendant and its direct and indirect corporate parent, subsidiaries and affiliates, as well as its distributors, wholesalers, retailers, customers and licensors, including the officers, directors, employees, shareholders, agents, insurers, spokespersons, public relations firms, advertising and production agencies and assigns of all such persons or entities.

00057150

22. "Settlement Class Member(s)" or "Member(s) of the Settlement Class" means a member of the Class who has not been properly excluded from the Class.

23. "Settlement Class Period" means the period from January 28, 2008, up to and including October 1, 2009, the dates between which Defendant ran its national advertising, marketing and promotional campaigns for Frosted Mini-Wheats relating to cognitive function.

24. "Settlement Fund" means the $4.0 million common fund discussed in §IV.A.2 of this Stipulation.

25. "Settlement Hearing" means the hearing(s) to be held by the Court to consider and determine whether the proposed settlement of this Litigation as contained in this Stipulation should be approved as fair, reasonable, and adequate, and whether the Judgment approving the settlement contained in this Stipulation should be entered.

26. "Settlement Website" means the website to be created for this settlement that will include information about the Litigation and the settlement, relevant documents and electronic and printable forms relating to the settlement, including the Claim Form which can be submitted online or printed and mailed. The Settlement Website shall be activated no later than sixty (60) days before the Settlement Hearing and shall remain active until one hundred and one (101) days after the Court enters the Judgment. A link to the Settlement Website shall also be available on the websites Defendant maintains for United States consumers of the Product during the same time period and, at Class Counsel's option, on Class Counsel's websites.

27. "Stipulation" means this Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Class Counsel and counsel for Defendant.

00057150

**B.**     Other capitalized terms used in this Stipulation but not defined above shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## III.     CERTIFICATION OF THE NATIONAL SETTLEMENT CLASS

Defendant hereby consents, solely for purposes of the settlement set forth herein, to the certification of the national Settlement Class, to the appointment of Class Counsel as counsel for the Settlement Class, and to the conditional approval of Plaintiffs as suitable representatives of the Class; provided, however, that if this Stipulation fails to receive Court approval or otherwise fails to be consummated, including, but not limited to, the Judgment not becoming final as provided in §IX.C of this Stipulation, then Defendant retains all rights it had immediately preceding the execution of this Stipulation to object to the maintenance of this Litigation as a class action by Class Counsel, and in that event, nothing in this Stipulation or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, whether the purported Class is ascertainable, or whether Class Counsel or the Plaintiffs can adequately represent the Settlement Class Members under applicable law.

## IV.     SETTLEMENT RELIEF

The settlement relief includes cash payments and non-monetary relief.

### A.     Cash Payments

#### 1.     Class Members' Cash Recovery

Class members may seek reimbursement of $5.00 per box of the Product purchased, with a maximum recovery of $15.00 per consumer.  Claimants may seek reimbursement by submitting a simplified Claim Form either by mail or electronically.  The actual amount paid to individual Claimants will depend upon the number of valid claims made. Adequate and customary procedures and

00057150

standards will be used by the Class Action Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.

### 2. Settlement Fund

(a)     In accordance with the payment schedule set forth in §IV.A.7, below, Defendant shall pay $4.0 million in trust to a third party institution (the "Fund Institution") to be selected by Class Counsel and approved by Defendant to establish an interest bearing fund for payments made pursuant to this section.

(b)     The Settlement Fund shall be applied to pay in full and in order: (i) any necessary taxes and tax expenses; (ii) all costs associated with the Class Action Settlement Administrator, including costs of providing notice to the Class Members and processing claims; (iii) any Fee and Expense Award made by the Court to Class Counsel under §VIII(a); (iv) any class representative incentive award made by the Court to Plaintiffs under §VIII(c); and (v) payments to authorized Claimants and any others as allowed by this Stipulation and to be approved by the Court.

### 3. Settlement Fund: Insufficient or Excess Funds

(a)     If the total amount of eligible claims exceeds the Settlement Fund, then each claim's award shall be proportionately reduced.

(b)     If after all valid claims are paid, money remains in the Settlement Fund, the remaining amount shall be used to increase pro rata the recovery on each eligible claim, with total recovery on each claim limited to three times the original value of the claim.  Any funds remaining thereafter shall be paid to one or more charities consistent with the Ninth Circuit opinion, chosen by the Parties and approved by the Court pursuant to the *cy pres* doctrine. Subject to Court approval, the Parties select Consumer Watchdog, Consumers Union and the Center for Science in the Public Interest as the *cy pres* recipients.

00057150

**4. Delivery of Payments to Settlement Class Members**

(a)     Payment will be made directly to the Settlement Class Member by first class mail after entitlement to payment to all Claimants is determined, and in no event more than ten (10) days after the close of the Claim-In Period, unless Class Counsel permits an extension of time to complete the claims determination process.

(b)     Failure to provide all information requested in the Claim Form will not result in nonpayment of a claim.  Instead, the Class Action Settlement Administrator will take all adequate and customary steps to determine the Settlement Class Member's eligibility for payment and the amount of payment based on the information contained in the Claim Form or otherwise submitted, the amount of money available to pay all valid claims, and such other reasonably available information from which eligibility for payment can be determined.

**5. Claim Form Availability**

The Claim Form will be part of the Publication Notice and will be available for downloading and may be completed and submitted online at the Settlement Website, and the Claim Form will be available for downloading on Class Counsel's websites, at Class Counsel's option.  The Claim Form may also be requested by calling the toll-free number provided by the Class Action Settlement Administrator or by writing to the Class Action Settlement Administrator.

**6. Eligibility for Cash Payment**

(a)     To be eligible for a cash payment, the Settlement Class Member must timely submit a Claim Form containing his or her name and mailing address.  Settlement Class Members who previously submitted a claim for payment in response to the Notice that ran after the District Court's entry of the Order Granting Final Approval of the Stipulation of Settlement on April 5,

00057150

2011 (ECF No. 49) do not need to resubmit a Claim Form in order to be eligible for and to receive a cash payment. The Settlement Administrator may pay claims that are otherwise valid but untimely filed if there is sufficient money to pay all valid and timely claims in full plus untimely but otherwise valid claims from the Settlement Fund, and payment of any such untimely but valid claims is administratively feasible and otherwise reasonable, taking into account the need to timely pay claims. The determination of the Class Action Settlement Administrator concerning the eligibility and amount of payment shall be final. In the event a Settlement Class Member disagrees with such a determination, the Class Action Settlement Administrator agrees to reconsider such determination, which includes consultation with Class Counsel.

(b)     To be eligible, Claim Forms must be postmarked or submitted online no later than 80 days after the date the Court first sets for the Settlement Hearing ("Claim-In Period").

(c)     Timing of Payments.  The Class Action Settlement Administrator shall send payment to eligible Settlement Class Members or, as applicable, a letter explaining the rejection of the claim, within ten (10) days from the close of the Claim-In Period.

## 7.     Schedule of Payments into the Settlement Fund

(a)     Subject to §IV.A.2, above, Defendant shall fund the Settlement Fund thirty (30) days after entry of Judgment by the Court.

(b)     In the event the Effective Date does not occur, all amounts paid into the Settlement Fund, less amounts paid for taxes and tax expenses and claims administration and notice in accordance with §IV.A.2(b)(i) and (ii), above, shall be returned to Defendant.

## B.     Other Relief

(a)     Within three (3) months of the Effective Date, and for a period of three (3) years from the Effective Date, Defendant shall refrain from

00057150

using in its advertising and on its labeling for the Product any assertion to the effect that "eating a bowl of Kellogg's® Frosted Mini-Wheats cereal for breakfast is clinically shown to improve attentiveness by nearly 20%." Notwithstanding the foregoing, Defendant may make claims about the impact on attentiveness from eating the Product, but Kellogg will limit and qualify such claims wherever made to "Clinical studies have shown that kids who eat a filling breakfast like Frosted Mini-Wheats have an 11% better attentiveness in school than kids who skip breakfast," or words to the same effect. In the event Defendant makes claims about the impact on memory or other cognitive function from eating the Product, Kellogg will similarly limit and qualify any such claims. As used here, advertising includes the packaging of the Product and any type of advertisement or promotion of any kind, including on radio, television, the Internet, newspapers, periodicals, point of purchase displays and all other media.

## V. NOTICE TO THE CLASS, COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS AND REDEMPTION OF SETTLEMENT RELIEF

### A. Class Notice

The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court. Collectively, the Class Notice shall set forth the following information:

1. General Terms. The Class Notice shall:

(a) inform Settlement Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed settlement;

(b) contain a short, plain statement of the background of the Litigation, the Class certification and the proposed settlement;

00057150

(c)     describe the proposed settlement relief outlined in this Stipulation;

(d)     explain the impact of the proposed settlement on any existing litigation, arbitration or other proceeding; and

(e)     state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement.

2.     Notice of Exclusion and Objection Rights.  The Class Notice shall inform Settlement Class Members:

(a)     that they may exclude themselves from the Class by submitting a written exclusion request postmarked no later than thirty (30) days before the date of the Settlement Hearing;

(b)     that any Settlement Class Member who has not submitted a written request for exclusion may, if he or she desires, object to the proposed settlement by filing and serving a written statement of objections along with proof of membership in the Class no later than thirty (30) days before the Settlement Hearing;

(c)     that any Settlement Class Member who has filed and served written objections to the proposed settlement may, if he or she so requests, enter an appearance at the Settlement Hearing either personally or through counsel;

(d)     that any Judgment entered in the Litigation, whether favorable or unfavorable to the Class, shall include, and be binding on, all Settlement Class Members who have not been excluded from the Class, even if they have objected to the proposed settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant; and

(e)     of the terms of the release.

3.     No later than sixty (60) days before the Settlement Hearing, the Class Notice shall be posted on the Settlement Website and, at their option,

00057150

on the websites of Class Counsel.  The Class Notice shall also be sent via electronic mail or regular mail to those Class Members who so request.  The Class Notice shall remain available by these means until one hundred and one (101) days after the Court enters the Judgment.

4.    Class Members who previously submitted a claim shall be sent a statement of the relief they will receive and where they can find out additional information about the settlement.  The statement shall be substantially in the form of Exhibit H.

**B.    Publication Notice**

No later than sixty (60) days before the Settlement Hearing, the Class Action Settlement Administrator will cause to be published in accordance with the media plan, attached as Exhibit G, the Publication Notice, a copy of which is attached as Exhibit D. The Publication Notice shall also be posted on the Settlement Website until one hundred and one (101) days after the Effective Date.

**C.    Retention of Class Action Settlement Administrator**

Defendant shall, subject to the approval of Class Counsel, retain one or more Class Action Settlement Administrators (including subcontractors) to help implement the terms of the proposed Stipulation.  All costs associated with the Class Action Settlement Administrator, including costs of providing notice to the Class Members and processing claims, shall be paid out of the Settlement Fund.

1.    The Class Action Settlement Administrator(s) shall assist with various administrative tasks, including, without limitation, (a) mailing or arranging for the mailing or other distribution of the Class Notice, Claim Forms to Settlement Class Members, and the statement pursuant to §V.A.4, (b) arranging for publication of the Publication Notice, (c) handling returned mail not delivered to Settlement Class Members, (d) attempting to obtain updated address information for Settlement Class Members and for any Class Notice

00057150

Packages returned without a forwarding address or an expired forwarding address, (e) making any additional mailings required under the terms of this Stipulation, (f) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee, (g) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion to the settlement, (h) establishing the Settlement Website that posts notices, Claim Forms and other related documents, (i) receiving and processing claims and distributing payments to Settlement Class Members, and (j) otherwise assisting with administration of the Stipulation.

2. The contract with the Class Action Settlement Administrator shall obligate the Class Action Settlement Administrator to abide by the following performance standards:

(a) The Class Action Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Stipulation in communications with Settlement Class Members;

(b) The Class Action Settlement Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Defendant and/or Defendant's Counsel.

## VI. APPROVAL PROCEDURES AND RELATED PROVISIONS

### A. Preliminary Approval and Settlement Hearing

Promptly after execution of this Stipulation, the Parties shall submit this Stipulation to the Court and shall jointly apply for entry of a Preliminary Approval Order preliminarily approving this Stipulation, providing for the dissemination of the Class Notice, and scheduling a Settlement Hearing.

00057150

## B. Requests for Exclusion

1. Any potential Settlement Class Member who wishes to be excluded from the Class must mail or deliver a written request for exclusion to the Clerk of the Court, care of the address provided in the Class Notice, postmarked or delivered no later than 30 days before the Settlement Hearing, or as the Court otherwise may direct. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the requested is a member of the Settlement Class. A list reflecting all requests for exclusion shall be filed with the Court by Defendant at or before the Settlement Hearing.

2. Any potential Settlement Class Member who does not file a timely written request for exclusion as provided in the preceding §VI.B.1 shall be bound by all subsequent proceedings, orders and the Judgment in this Litigation relating to this Stipulation, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendant relating to the Released Claims.

## VII. RELEASES

As of the Effective Date, Plaintiffs and each Settlement Class Member who has not validly excluded himself or herself from the Settlement Class pursuant to §VI.B of this Stipulation shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons. In connection with the Released Claims, each Settlement Class Member shall be deemed as of the Effective Date to have waived any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code §1542, which reads as follows:

00057150

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## VIII. CLASS COUNSEL'S ATTORNEYS' FEES, COSTS AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

**A.** The parties agree that Plaintiffs' Counsel may apply for an award of attorneys' fees and reasonable, actual out-of-pocket expenses from the Settlement Fund ("Fee and Expense Award"). Subject to the terms and conditions of this Stipulation and any order of the Court, the Fee and Expense Award awarded by the Court to Plaintiffs' Counsel shall be paid out of the Settlement Fund within ten (10) days after the Effective Date. In the event the Judgment entered pursuant to this settlement shall not become final, Plaintiffs' Counsel shall return in full the amount of attorneys' fees and expenses paid to them pursuant to this provision.

**B.** Class Counsel shall allocate and distribute the Court's Fee and Expense Award among Plaintiffs' Counsel.

**C.** Also within ten (10) days after the Effective Date a class representative incentive award of $5,000 each shall be paid out of the Settlement Fund to Harry Dennis and John Koz.

## IX. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

**A.** The Effective Date of this Stipulation shall be the first date after which all of the following events and conditions have been met or have occurred:

1. The Court has preliminarily approved this Stipulation;

2. The Court has entered the Judgment; and

3. Unless the Parties otherwise agree in writing to waive all or any portion of the following provision, there has occurred: (i) in the event there is a properly and timely filed objection to entry of the Final Judgment and Order,

00057150

the expiration (without the filing or noticing of an appeal) of the time to appeal from the Final Judgment and Order; (ii) the final dismissal of an appeal from the Final Judgment and Order; (iii) affirmance on appeal of the Final Judgment and Order in substantial form; (iv) if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Judgment and Order, the time to petition for a *writ of certiorari* with respect to such ruling or decision has expired; or (v) if a petition for a *writ of certiorari* with respect to the Final Judgment and Order is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Judgment and Order in substantial form.

**B.**    If all of the conditions specified in §IX.A of this Stipulation are not met, then this Stipulation shall be canceled and terminated unless Class Counsel and Defendant mutually agree in writing to proceed with this Stipulation.

**C.**    In the event that this Stipulation is not approved by the Court or the settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective pre-settlement positions in the Litigation, including with regard to any agreements concerning tolling and similar agreements, and this entire Stipulation shall become null and void. All administrative and notice costs and expenses, including the costs of notifying the Class and any claims administration costs, shall be paid out of the Settlement Fund before the remaining proceeds of the Fund are returned to Defendant.

**X.    MISCELLANEOUS PROVISIONS**

**A.**    The Parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Stipulation and the terms of the settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation and any other steps and efforts which may become necessary by order of the Court or otherwise.

00057150

**B.** The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

**C.** This Stipulation contains the entire agreement among the Parties hereto and supersedes any prior agreements or understandings between them. Except for §I, all terms of this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all Parties. The terms of this Stipulation are and shall be binding upon each of the Parties, their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter through any of the Parties, including any Settlement Class Member.

**D.** Whenever this Stipulation requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by facsimile, email and/or next day (excluding Sunday) express delivery service as follows:

      1.    If to Plaintiffs, then to:

> Timothy G. Blood
> tblood@bholaw.com
> Blood Hurst & O'Reardon, LLP
> 701 B Street, Suite 1700
> San Diego, CA 92101
> Telephone: 619/338-1100
> Facsimile: 619/338-1101

      2.    If to Defendant, then to:

> Dean N. Panos
> dpanos@jenner.com
> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654-3456
> Telephone: 312/923-2765
> Facsimile: 312/840-7765
>
> Richard P. Steinken
> rsteinken@jenner.com

00057150

Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:  312/923-2938
Facsimile:  312/840-7338

**E.**     All time periods set forth herein shall be computed in business days if seven days or less and calendar days if eight days or more unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the Office of the Clerk or the Court inaccessible, in which event the period shall run until the end of the next day as not one of the aforementioned days.  As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

**F.**     The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Stipulation in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Stipulation.

**G.**     This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and any of Defendant's Counsel. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

**H.**     The exhibits to this Stipulation are an integral part of the Settlement and are hereby incorporated and made a part of this Stipulation.

00057150

I.     Neither this Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendant, or of the propriety of Class Counsel maintaining the Litigation as a class action; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except that Defendant may file this Stipulation or the Judgment in any action that may be brought against any Released Person in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

J.     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

K.     This Stipulation shall be deemed to have been executed upon the last date of execution by all of the undersigned.

L.     This Stipulation may be executed in counterparts, each of which shall constitute an original.

IN WITNESS THEREOF, the Parties hereto have caused this Stipulation to be executed by their duly authorized representatives.

Dated: March 15, 2013          BLOOD HURST & O'REARDON, LLP

By: _____
          TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON
2325 Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
frank@piscitellilaw.com

CLIMACO, WILCOX, PECA, TARANTINO
  & GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
216/771-1632 (fax)
jrclim@climacolaw.com
pwarn@climacolaw.com

WHATLEY, DRAKE & KALLAS, LLC
PATRICK J. SHEEHAN
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: 212/447-7070
212/447-7077 (fax)
psheehan@wdklaw.com

*Attorneys for Plaintiff*

00057150

DATED: March 15, 2013

JENNER & BLOCK LLP
DEAN N. PANOS (admitted *pro hac vice*)
RICHARD P. STEINKEN (admitted *pro hac vice*)

By: _____
RICHARD P. STEINKEN

353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312/923-2765
312/840-7765 (fax)
dpanos@jenner.com
rsteinken@jenner.com

BRENT L. CASLIN (198682)
KENNETH K. LEE (264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone: 213/239-5100
213/239-5199 (fax)
bcaslin@jenner.com
klee@jenner.com

*Attorneys for Defendant Kellogg Company*

00057150

00057150

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 15, 2013.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com