# Exhibit A

**EXHIBIT A**

| Kellogg's Mini-Wheats CLAIM FORM |
| --- |

**You can also file on line at: www._____.com.**

You must complete the required information below.  All Claim Forms must be postmarked or submitted online by _____.

If mailing, please return this form to:

Mini-Wheats Class Action Settlement Administrator
[Address]
[City, State]

| Class Member Information |
| --- |

| | |
| --- | --- |
| NAME: | TELEPHONE: |
| ADDRESS: | |
| CITY: | STATE: | ZIP CODE: |

| Purchase Information |
| --- |

If you send in this Claim Form, you may receive $5 per box of Kellogg's Mini-Wheats purchased between January 28, 2008 and October 1, 2009, up to $15.

If, after all valid claims are paid, money remains in the Settlement Fund, claims will be increased up to three times the original value of the claim for a total potential recovery of up to $45 per claimant.

**I purchased _____ box(es) of Kellogg's Mini-Wheats cereal between January 28, 2008 and October 1, 2009.**

**CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY [MONTH DAY, 2010]
QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www._____.com)**

00055388

# Exhibit B

**EXHIBIT B**

**CLAIMS ADMINISTRATION PROTOCOLS**

These Claims Administration Protocols ("Protocols") are part of the Second Stipulation of Settlement ("Stipulation") between the Parties. All provisions of the Stipulation are incorporated into these Protocols by reference, including, without limitation, all definitions. All capitalized terms used here shall have the same meaning given them in the Stipulation. These Protocols shall define the duties of the Class Action Settlement Administrator retained to implement the claims process as described in §V.C of the Stipulation. All references to "§" shall be to the Stipulation, unless otherwise noted.

**B.l     Appointment of Class Action Settlement Administrator**

The Class Action Settlement Administrator shall be selected pursuant to §V.C of the Stipulation.

**B.2     Agreement by Class Action Settlement Administrator**

The Class Action Settlement Administrator must consent in writing to serve, and shall abide by the obligations of the Stipulation and these Protocols by executing a counterpart of these Protocols prior to the Preliminary Approval Hearing.

**B.3     Control of Settlement Fund**

The Settlement Fund describe in §IV.A.2 shall be maintained by an independent financial institution, selected by Class Counsel and approved by Defendant's Counsel, that is unaffiliated with the Class Action Settlement Administrator, Defendant, Plaintiff or Class Counsel (the "Fund Institution"). The Class Action Settlement Administrator shall have no authority under any circumstances to withdraw or disburse any funds from the Settlement Fund directly. Disbursement from the Settlement Fund pursuant to the distribution plan of the Class Action Settlement Administrator as provided by §IV.A.2 and these Protocols shall occur only upon written instructions of Class Counsel and Defendant's Counsel to the Fund Institution. However, the Class Action Settlement Administrator shall have access to information from the Fund Institution about the balance in the Settlement Fund as necessary for the Class Action Settlement Administrator to perform its calculations in preparing the Distribution Plan.

**B.4     Conflicts of Interest**

The Class Action Settlement Administrator warrants that it knows of no reason why it cannot fairly and impartially administer claims. The Class Action Settlement Administrator shall not process the claim of any Class Member if the Class Action Settlement Administrator, Defendant, and/or Class Counsel or Defendant's Counsel determines there is a conflict of interest. If the Class Action Settlement Administrator, Defendant, or Class Counsel learns of a conflict of interest as to a claim, that party shall give written notice to the other parties, who shall resolve any such circumstances by further written agreement. Any unresolved dispute over such conflict of interest shall be submitted to the Court for resolution.  The Class Action Settlement

Administrator shall indemnify and defend the Parties and their counsel against any liability arising from the Class Action Settlement Administrator's breach of this provision

**B.5     Timing**

The Class Action Settlement Administrator shall begin the claims process so it is completed within the time provided in §IV.A.7. The deadline for Settlement Class Members to submit claims (the "Claims Deadline") shall be no later than the end of the Claim-In Period pursuant to §IV.A.6 (allowing time for delays in mailing. In no event shall payments be made to Class Members prior to the date provided in §IV.A.7, and preparation of the Distribution Plan ("Claims Payment Date")).

**B.6     Maintenance and Preservation of Records**

The Class Action Settlement Administrator shall keep a clear and careful record of all communications with Claimants, all claims decisions, all expenses, and all tasks performed in administering the claims process.

**B.7     Method of Submitting Claims**

Claims may be submitted on the Claim Form in hard copy by mail, or online through an internet-based Claim Form.  Settlement Class Members who previously submitted a claim for payment in response to the Notice that ran after the District Court's entry of the Order Granting Final Approval of the Stipulation of Settlement on April 5, 2011 (ECF No. 49) do not need to resubmit a Claim Form in order to be eligible for and to receive a cash payment. The Class Action Settlement Administrator shall establish and maintain a special internet site, easily accessible through commonly used Internet Service Providers, for the submission of claims. The internet site may be the same site as the Settlement Website. The site shall be maintained continuously until the end of the Claim-In Period. The site address shall be identified in the Class Notice. The Class Notice shall specify that claims must be submitted before the Claims Deadline. The Class Action Settlement Administrator shall be solely responsible for receiving and processing requests for Claim Forms and for promptly delivering Claim Forms to the Class Members who request them. The Claim Forms on the internet site and the hard copy Claim Forms shall be identical in content and shall conform with §B.8, below. The Class Action Settlement Administrator also shall establish a toll free number which will have recorded information answering questions about the claims submission process and representatives available to answer questions.

**B.8     Claim Forms**

All claims shall be submitted on Claim Forms substantially in the form attached to the Stipulation as Exhibit A. Claimants may fill out the Claim Form electronically via the website, and such Claimants shall be required to electronically verify that they are submitting information under penalty of perjury when required for a claim made pursuant to these protocols.

**B.9     Approval or Denial of Claims**

After the Claims Deadline, the Class Action Settlement Administrator shall gather all Claim Forms, whether submitted by internet website or by mail. Before the Claims Payment Date, the Class Action Settlement Administrator shall select the claims which will be paid and the amount of each such payment ("Approved Claims") and claims that will not be paid ("Rejected Claims"). The Class Action Settlement Administrator shall determine whether claims are Approved Claims or Rejected Claims, subject to pro rata reduction, by the following criteria:

## B.9.1   Duplicative Claims

No Claimant may submit more than one Claim Form, and two or more Claimants may not submit Claim Forms for all or part of the same purchase.  A Claimant who previously submitted a claim for payment in response to the Notice that ran after the District Court's entry of the Order Granting Final Approval of the Stipulation of Settlement on April 5, 2011 (ECF No. 49) may not submit another Claim Form. After the Claims Deadline but before considering any claims, the Class Action Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Claimant ("Duplicative Claim Forms"). The Class Action Settlement Administrator shall determine whether there is any duplication of claims, if necessary by contacting the Claimant(s) or their counsel. The Class Action Settlement Administrator shall designate any such Duplicative Claims as Rejected Claims to the extent they allege the same damages or allege damages on behalf of the same Claimant.

## B.9.2   Claim Amounts

For all Claims, the Class Action Settlement Administrator shall examine the Claim Form before designating the claim as an Approved Claim, to determine that the information on the Claim Form is sufficiently completed to permit a check to be prepared and mailed to the Claimant. The Class Action Settlement Administrator in its discretion may examine and verify a random sample of Claims to prevent fraud and abuse and take other steps to prevent fraud and abuse. Absent fraud or abuse, payment shall be made based on the number of boxes of Mini-Wheats cereal the Claimant indicates on the Claim Form were purchased, up to three boxes. If the number of boxes of Mini-Wheats cereal is not indicated, then the Claimant will be paid as if the Claimant indicated the purchase of one box.  If after all valid claims are paid money remains in the Settlement Fund, the Class Action Settlement Administrator, after consultation with Class Counsel and Defendant's Counsel, shall use the remaining amount to increase pro rata the recovery on each eligible claim, with total recovery on each claim limited to three times the original value of the claim.

## B.9.3   Untimely or Incomplete Claims

The Class Action Settlement Administrator shall, in its discretion, decide whether to accept Claim Forms submitted after the Claims Deadline. In deciding whether to accept a late-submitted Claim Form, the Class Action Settlement Administrator shall take into account whether enough money exists in the Settlement Fund to pay all valid and timely submitted claims in full, and the length of time the Claim Form was submitted after the Claims Deadline, including whether the late-submitted claim would delay the distribution of the Settlement Fund

to Claimants and the reasons for the late submission of the Claim Form. Whenever reasonably possible, if a Claim Form is valid but untimely, it shall be paid provided the Settlement Fund is sufficient to pay in full all valid and timely submitted claims. In the event the Class Action Settlement Administrator determines that the Claim Form is materially incomplete, but may be cured by the Claimant, the Class Action Settlement Administrator shall contact the Claimant to cure any deficiency with the Claim Form, if reasonably practical.

**B.10   Distribution Plan**

Within 20 days after the conclusion of the Claim-In Period, the Class Action Settlement Administrator shall deliver the Distribution Plan. Upon specific request by Defendant or Class Counsel or Defendant's Counsel, the Class Action Settlement Administrator also shall provide all information gathered in investigating the claim including copies of all correspondence and email and all notes of the Class Action Settlement Administrator, the decision reached, and all reasons supporting the decision.

**B.11   Class Action Settlement Administrator's Fees and Expenses**

As provided in §V.C, the cost of the Class Action Settlement Administrator shall be paid out of the Settlement Fund. The Class Action Settlement Administrator shall take all reasonable efforts to administer the claims efficiently and avoid unnecessary fees and expenses. The Class Action Settlement Administrator shall respond promptly to inquiries by Class Counsel and Defendant's Counsel.

**B.12   Access to Information from the Class Action Settlement Administrator**

The Parties are entitled to observe and monitor the performance of the Class Action Settlement Administrator to assure compliance with the Stipulation and the Claims Protocols. The Class Action Settlement Administrator shall promptly respond to all inquiries and requests for information made by Defendant, Class Counsel or Defendant's Counsel.

2172705.1

# Exhibit C

**EXHIBIT C**

**UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF CALIFORNIA**

**If you purchased Kellogg's Mini-Wheats Cereal between
January 28, 2008 and October 1, 2009,
you may be entitled to a cash refund from a class action settlement.**

**THIS NOTICE AFFECTS YOUR RIGHTS.**

*A Federal Court authorized this notice.
This is not a solicitation from a lawyer.*

This Notice advises you of a proposed class action settlement. The settlement resolves a lawsuit over whether The Kellogg Company falsely advertised that Frosted Mini-Wheats cereal improved kids' attentiveness, memory and other cognitive functions to a degree not supported by competent clinical evidence. You should read this entire Notice carefully because your legal rights are affected whether you act or not.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT THE YELLOW CLAIM FORM | The only way to get a cash refund. |
| EXCLUDE YOURSELF | Get out of the lawsuits and the settlement. Get no cash refund. |
| OBJECT OR COMMENT | Write to the Court about why you do, or do not like the settlement. |
| DO NOTHING | You will get no cash refund. However, any leftover money will be donated to one or more charities. |

Your rights and options – **and the deadlines to exercise them** – are explained in this notice.

Para una notificación en Español, llamar o visitar www._____.com.

**Questions? Visit www._____.com
DO NOT CALL KELLOGG OR THE COURT.
Do not forget to return the Yellow Claim Form.**

| **WHAT IS THIS NOTICE ABOUT?** |
|---|

This Notice explains a proposed settlement of a class action lawsuit and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This Notice explains the Lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

You may have received a notice concerning a prior settlement of this lawsuit.  That settlement was overturned by the Court of Appeal and the case was remanded to the trial court for further proceedings.  This Settlement is the result of those further proceedings.

| **WHAT IS A CLASS ACTION LAWSUIT?** |
|---|

A class action is a lawsuit in which one or more individuals sue an individual(s), company or other entity on behalf of all other people who are in a similar position.  Collectively, these people are referred to as a "Class" or "Class Members."  In a class action, the court resolves certain legal issues, legal claims and defenses for all class members in one lawsuit, except for those who ask to be excluded from the class.  (See below for more information about excluding yourself from the Class.)

| **WHAT IS THE LAWSUIT ABOUT?** |
|---|

The Lawsuit claimed that Kellogg falsely advertised that its Mini-Wheats cereal improved kids' attentiveness, memory and other cognitive functions to a degree not supported by competent clinical evidence.  Kellogg stands by its advertising and denies it did anything wrong.

The Court did not decide who was right.  Instead, both sides agreed to a settlement.  By agreeing to a settlement, the Parties avoid the costs and risk of a trial and the Class will get compensation.  The Class Representatives and their attorneys believe that the settlement is in the best interests of the Class Members.

| **WHAT DOES THE SETTLEMENT PROVIDE?** |
|---|

Kellogg has agreed to create a fund of $4 million.  The fund will be used to pay class notice and administration costs, attorneys' fees and expenses, named plaintiffs' incentive awards, and cash payments to Class Members who submit a Claim Form.

Under the settlement, Kellogg also agreed to make certain changes to the Frosted Mini-Wheats marketing and labeling.  Details are described in the Settlement Agreement, which is available at

**Questions?  Visit www._____.com**
**DO NOT CALL KELLOGG OR THE COURT.**
**Do not forget to return the Yellow Claim Form.**

- 2 -

www._____.com.

Cash payments will be made if the Court gives its final approval to the proposed settlement and after the final approval is no longer subject to appeal.

A Settlement Hearing is scheduled for_____, 2013.  If the Court approves the settlement and there are no appeals, the cash payments will be distributed 30 days after the close of the Claim-In Period.  If the Court does not approve the settlement, or if the settlement is overturned on appeal, no cash payments will be made.

## HOW CAN I GET A PAYMENT?  SUBMIT A CLAIM FORM.

To receive money from this settlement, you first have to determine if you are a Class Member.  Class Members are those persons who purchased Kellogg's Frosted Mini-Wheats cereal in the United States between January 28, 2008 and October 1, 2009.  Excluded from the Class are Kellogg's officers, directors and employees, and those who purchased the Frosted Mini-Wheats for the purpose of resale.

Class Members may seek reimbursement of $5 per box of Frosted Mini-Wheats purchased, with a recovery of $15 for the purchase of up to three boxes.  To receive payment, Claim Forms MUST be completed and either be submitted online (www._____) or postmarked by _____, 2013.  No proof of purchase is required.

If the total of valid claims is less than the amount of money available to pay them, then valid claims will be increased up to three times the original value of the claim, for a total potential recovery of up to $45 per Class Member.  If the total of valid claims exceeds the amount of money available to pay them, then each award will be reduced pro rata.

You may request a Claim Form online or by calling XXX-XXX-XXXX.

If you submitted a Claim Form in the prior settlement of this case, you do not need to submit another Claim Form.  Your claim will automatically be paid based upon the number of boxes stated in your original Claim Form.

## WHO REPRESENTS ME?

On _____, Class Counsel will submit their motion for final approval and request for attorney fees, which will be available at www._____.com or by calling 1-800-xxx-xxxx.  The Court has appointed the Plaintiffs as class representatives.  Class Counsel are the lawyers for the Class.  The class representative and Class Counsel will act as your representatives for this settlement if you do not exclude yourself from the Class.

The Court has appointed Timothy G. Blood and the law firm of Blood Hurst & O'Reardon, LLP, 701 B Street, Suite 1700, San Diego, CA, 92101 to represent you.

**Questions?  Visit www._____.com**
**DO NOT CALL KELLOGG OR THE COURT.**
**Do not forget to return the Yellow Claim Form.**

- 3 -

## WILL I HAVE TO PAY THE LAWYERS?

No.  You will not be responsible for any cost or attorneys' fees incurred in this Lawsuit.  If the Court approves the proposed settlement, Class Counsel will request that the Court award attorneys' fees in an amount not to exceed 25% of the Settlement Fund and expenses.  The attorneys' fees and expenses awarded by the Court will be paid out of the Settlement Fund.

The two Plaintiffs will also ask the Court for an incentive award of $5,000 for their costs, time and effort acting as a Plaintiff and for their willingness to bring this litigation and act on behalf of other consumers.  The incentive awards will be paid out of the Settlement Fund.

## OPTING OUT OR OBJECTING TO THE SETTLEMENT.

You have the right not to be part of the Lawsuit by excluding yourself or "opting out" of the Class.  If you wish to exclude yourself, you must send a letter or postcard, postmarked no later than _____, 2013, to Kellogg Class Action Settlement Administrator, **[administrator address].**  Your letter must request exclusion from the Class and must be signed by you.  You must include your full name, address, and telephone number.  If you do not include the required information or submit your request for exclusion on time, you will remain a Class Member and be bound by the settlement and Final Judgment and Order.  If you exclude yourself from the Class, you give up your right to receive any money from the settlement, and you will not be bound by the settlement or Final Judgment and Order, and you will not be barred from pursuing any individual claim you may otherwise have relating to the subject matter of the Lawsuit.

If there is something about the settlement that you do not like, you may file an objection with the Court.  You will still be in the settlement, you will remain a Class Member, and will be eligible to receive benefits if the settlement is approved and you timely submit your Claim Form.  *Even if you object, you should return the yellow Claim Form to receive a cash payment.*

If you want to object, you must submit your objection in writing to the Court.  Your objection must include:

1.      Your name, address, and telephone number;

2.      Your signature;

3.      The reasons why you object;

4.      The case name and number of this lawsuit, which is *Dennis v. Kellogg*, Case No. 3:09-CV-01786-IEG(WMC); and

5.      If you are represented by a lawyer, the name, address and telephone number of that lawyer.

**You must file your written objection with the Court no later than _____, 2013,** at Clerk of the Court, United States District Court Southern District of California, 880 Front Street, Suite 4290, San Diego, California 92101.  You must also send a copy of your objection to Class Counsel and Kellogg's Counsel at:

**Questions?  Visit www._____.com**
**DO NOT CALL KELLOGG OR THE COURT.**
**Do not forget to return the Yellow Claim Form.**

- 4 -

Timothy G. Blood                          Dean N. Panos
BLOOD HURST & O'REARDON, LLP              Richard P. Steinken
701 B Street, Suite 1700                  JENNER & BLOCK LLP
San Diego, CA  92101                      353 N. Clark Street
Telephone: 619/338-1100                   Chicago, IL 60654-3456
                                          Telephone: 312/222-9350

All objections must be received by the attorneys for the parties and by the Court by _____, or your objection will not be considered.

## THE HEARING TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.

The Court has scheduled a Settlement Hearing at _____ on _____, 2013, in the United States District Court Southern District of California, 221 West Broadway, San Diego, California 92101 in the Courtroom of the Honorable Irma E. Gonzalez.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court may also decide how much to pay the attorneys for the Class.  After the hearing, the Court will decide whether to grant final approval of the settlement. We do not know how long these decisions will take.

Complete copies of the pleadings and other documents filed in this Litigation may be examined and copied during regular office hours at the Clerk of the Court, United States District Court Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101.

The Settlement Agreement, Claim Form and other information are also available at www._____com.

If you have any questions concerning any matter raised in this Notice, please visit www._____com.

**PLEASE DO NOT CALL OR WRITE KELLOGG OR THE COURT FOR ADDITIONAL INFORMATION OR ADVICE.**

Dated: _____ _____         _____
                                             THE HONORABLE IRMA E. GONZALEZ
                                             UNITED STATES DISTRICT JUDGE

00055389

**Questions?  Visit www._____.com
DO NOT CALL KELLOGG OR THE COURT.
Do not forget to return the Yellow Claim Form.**

- 5 -

# Exhibit D

**EXHIBIT D**

<u>**LEGAL NOTICE**</u>

**If you purchased Kellogg's Frosted Mini-Wheats between January 28, 2008 and October 1, 2009,
you may be entitled to a cash refund from a class action settlement.**

<u>Para una notificación en Español, visite nuestro sitio Web, www.       .com</u>

A proposed settlement has been reached in a class action lawsuit about Kellogg's advertising for its Frosted Mini-Wheats cereal.  The lawsuit claims the advertising was not true.  Kellogg stands by its advertising and denies it did anything wrong.  If you are a Class Member, you may send in the claim form below or go on line to electronically submit a claim.

A federal court authorized this notice.  Before any money is paid, the court will have a hearing to decide whether to approve the settlement.  On _____, Class Counsel will submit their motion for final approval and request for attorney fees, which will be available at www.     .com or by calling 1-800-xxx-xxxx.

**Am I a Class Member?**  You're a Class Member if you purchased, not for resale purposes, Kellogg's Frosted Mini-Wheats cereal in the United States between January 28, 2008 and October 1, 2009.

**What does the settlement provide?** A settlement fund of $4 million will be created to pay notice and administrative costs, attorneys' fees and expenses, plaintiff incentive awards, and to reimburse Class Members for the Mini-Wheats they purchased, up to three boxes. Details about how much you may receive are available on the Claim Form below and at www.     .com.

**What are my options?**  To ask for cash and remain in the Class, *you must mail or submit a completed claim form online by [Month, Day, 2013]*.  If you do not wish to participate in the settlement, you may exclude yourself from the Class by [Month, Day, 2013], or you may stay in the Class and object to the settlement by [Month, Day, 2013].  Visit the website for important information about these options.

The Court will hold a hearing on [Month, Day, 2013] to consider the settlement and Plaintiffs' Counsel's request for up to 25% of the settlement fund in attorneys' fees, plus expenses.  You do not have to attend the hearing.  For more information, visit www._____.com.

---

| Kellogg's Mini-Wheats<br>CLAIM FORM |
|:---:|

**You can also file on line at: www._____.com.**

    You must complete the required information below.  All Claim Forms must be postmarked or submitted online by _____.

    If mailing, please return this form to:

Mini-Wheats Class Action Settlement Administrator

[Address]

[City, State]

| Class Member Information |
|:---:|

NAME:                                      TELEPHONE:

ADDRESS:

CITY:                       STATE:                ZIP CODE:

| Purchase Information |
|:---:|

    If you send in this Claim Form, you may receive $5 per box of Kellogg's Mini-Wheats purchased between January 28, 2008 and October 1, 2009, up to $15.

    If, after all valid claims are paid, money remains in the Settlement Fund, claims will be increased up to three times the original value of the claim for a total potential recovery of up to $45 per claimant.

    **I purchased ____ box(es) of Kellogg's Mini-Wheats cereal between January 28, 2008 and October 1, 2009.**

**CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY [MONTH DAY, 2010]**

**QUESTIONS? CALL 1-800-xxx-xxxx (OR VISIT www._____.com)**

00055390

# Exhibit E

**EXHIBIT E**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JON KOZ, On Behalf of Themselves and All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    v.<br><br>KELLOGG COMPANY, a Delaware Corporation,<br><br>              Defendant. | Case No.:   3:09-CV-01786-IEG(WMC)<br><br>CLASS ACTION<br><br>[PROPOSED] JUDGMENT, FINAL ORDER AND DECREE<br><br>Courtroom:    1,4th Floor<br>Judge:        Honorable Irma E. Gonzalez<br>Date Filed:   August 17, 2009<br>Trial Date:   TBD |

IT IS HEREBY ADJUDGED AND DECREED THAT:

1.      This Judgment incorporates by reference the definitions in the Second Stipulation of Settlement dated _____, 2013 ("Stipulation"), attached as Exhibit A, and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein.  The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2.      The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3.      Pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3), the Court hereby certifies the following Class:

> All persons who purchased in the United States Kellogg's Frosted Mini-Wheats cereal between January 28, 2008 and October 1, 2009.  Excluded from the Class are Defendant's officers, directors and employees, and those who purchased the products for the purpose of resale.

4.      Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

5.      Pursuant to Federal Rules of Civil Procedure, Rule 23(a), the Court finds that the Plaintiffs in the Litigation, Harry Dennis and John Koz, are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Litigation.  Accordingly, the Court hereby appoints Harry Dennis and John Koz as class representatives.

6.      The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class

representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

7.     Having considered the factors set forth in Federal Rules of Civil Procedure, Rule 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Class Counsel as counsel to represent the Settlement Class Members.

8.     The list of Persons excluded from the Class because they filed valid requests for exclusion ("Opt-Outs") is attached hereto as Exhibit B.  Persons who filed timely, completed Opt-Outs are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendant.  However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

9.     The Court directed that Class Notice be given to Class members pursuant to the notice program proposed by the Parties and approved by the Court.  In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Class Action Settlement Administrator caused to be posted and mailed or emailed to identified potential Class members who so requested the Notice of Class Action Settlement dated _____ 2013, which is Exhibit C to this Judgment, and caused to be published the Publication Notice of the proposed settlement, which is Exhibit D to this Judgment (together the "Class Notice").  The Declaration of [SETTLEMENT ADMINISTRATOR] of the Garden City Group, attesting to the dissemination of the Class Notice, demonstrates compliance with this Court's Preliminary Approval Order.  The Class Notice advised Class members of the terms of the settlement; of the Settlement Hearing, and their right to appear at such Settlement Hearing; of their rights to remain

in, or opt out of, the Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

10.     The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rules of Civil Procedure, Rule 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

11.     Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and Interested Persons, the settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, the Honorable Richard Haden of the San Diego office of JAMS.  Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

12.     All Class members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

13.     None of the settlement, this Judgment, nor the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.

14.     The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.  Plaintiffs initiated the Litigation, acted to protect the Class, and assisted their counsel.  The efforts of Class Counsel have produced the Stipulation entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class.  Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds

to be $    in fees, and $    in expenses incurred in the Litigation.  Further, Plaintiffs are each

entitled to an incentive award of $5,000.  The Fee and Expense Award and Plaintiff's incentive

award shall be paid out of the Settlement Fund created by Kellogg pursuant to the Stipulation.

15.     The Court hereby dismisses with prejudice the action, and all Released Claims

against each and all Released Persons and without costs to any of the Parties as against the

others.

16.     Without affecting the finality of this Judgment, the Court reserves jurisdiction

over the implementation, administration and enforcement of this Judgment and the Stipulation,

and all matters ancillary thereto.

17.     The Court finding that no reason exists for delay in ordering final judgment

pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter this

Judgment forthwith.

18.     The Parties are hereby authorized without needing further approval from the

Court, to agree to and adopt such modifications and expansions of the Stipulation, including

without limitation, the forms to be used in the claims process, which are consistent with this

Judgment and do not limit the rights of Class members under the Stipulation.

IT IS SO ORDERED.

DATED:

_____     _____

                                                              THE HONORABLE IRMA E. GONZALEZ
                                                              UNITED STATES DISTRICT COURT JUDGE

                                                              BLOOD HURST & O'REARDON, LLP
                                                              TIMOTHY G. BLOOD

Submitted by:

                                                              By:_____

Dated:  _____, 2013

                                                              701 B Street, Suite 1700
                                                              San Diego, CA 92101

{00057168.V1}5

Telephone: 619/338-1100
Fax:  619/338-1101
tblood@bholaw.com

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: 602/274-1100
Fax:  602/274-1199
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com
 - and-
TODD D. CARPENTER
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619/756-6978
Fax:  602/798-5825
tcarpenter@bffb.com

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
frank@piscitellilaw.com

CLIMACO, WILCOX, PECA, TARANTINO &
GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
Fax:  216/771-1632
jrclim@climacolaw.com pwam@climacolaw.com

WHATLEY, DRAKE & KALLAS, LLC PATRICK J.
SHEEHAN
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: 212/447-7070
Fax:  212/447-7077

psheehan@wdklaw.com

Attorneys for Plaintiffs Harry Dennis and John Koz

DATED: _____ 2013

JENNER & BLOCK LLP
DEAN N. PANOS (admitted *pro hoc vice*)
RICHARD P. STEINKEN (admitted *pro hoc vice*)


_____
DEAN N. PANOS

353 N. Clark Street
Chicago, IL 60654-3456
Telephone:  312/923-2765
Fax: 312/840-7765
dpanos@jenner.com
rsteinken@jenner.com

BRENT L. CASLIN (198682)
KENNETH K. LEE (264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone: 213/239-5100
Fax:  213/239-5199
bcaslin@jenner.com
klee@jenner.com

Attorneys for Defendant Kellogg Company

# Exhibit F

**EXHIBIT F**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JON KOZ, On Behalf of Themselves and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>KELLOGG COMPANY, a Delaware Corporation,<br><br>     Defendant. | Case No.: 3:09-CV-01786-IEG(WMC)<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER<br><br>Courtroom: 1, 4th Floor<br>Judge:   Honorable Irma E. Gonzalez<br>Date Filed: August 17, 2009<br>Trial Date: TBD |

{00057169.V1}

WHEREAS, Plaintiffs[1] Harry Dennis and John Koz ("Plaintiffs") in this action entitled *Dennis v. The Kellogg Company.*, No. 09-CV-01786-IEG(WMC) (the "Litigation") and The Kellogg  Company ("Defendant" or "Kellogg") have entered into a Second Stipulation of Settlement, filed _____, 2013 (the "Stipulation"), after lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Litigation, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I.      THE SETTLEMENT CLASS IS CERTIFIED

1.      Pursuant to Federal Rules of Civil Procedure, Rule 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following Class:

> All persons who purchased in the United States Kellogg's Frosted Mini-Wheats cereal between January 28, 2008 and October 1, 2009.  Excluded from the Class are Defendant's officers, directors and employees, and those who purchased the products for the purpose of resale.

2.      With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met,

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Second Stipulation of Settlement ("Stipulation").

in that: (a) the Class is so numerous that joinder of all individual Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the class representatives are typical of the claims of the Class; (d) the class representatives and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiffs in the Litigation as class representatives of the Class.

4.      Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Class Counsel to represent the Class.

## II.    THE SECOND STIPULATION IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

5.      The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

6.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7.      Pursuant to of the Federal Rules of Civil Procedure, Rule 23(e) the Court will hold a final approval hearing (the "Settlement Hearing") on _____, 2013,  at _____ a.m./p.m., in the Courtroom of the Honorable Irma E. Gonzalez, United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101, for the following purposes:

(a)      finally determining whether the Class meets all applicable requirements of Federal Rules of Civil Procedure, Rule 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement; determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court;

(b)      considering the application of Class Counsel for a Fee and Expense Award as provided for under the Stipulation;

(c)      considering the application of Plaintiffs for incentive awards for serving as class representatives, as provided for under the Stipulation;

(d)      considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree;

(e)      whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

(f)      ruling upon such other matters as the Court may deem just and appropriate.

8.      The Court may adjourn the Settlement Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

9.      The Parties may further modify the Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder.  The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

10.     Class members must file and serve any objections to the proposed settlement no later than thirty (30) days prior to the Settlement Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

11.     Opening papers in support of the Settlement and any application for a Fee and Expense Award and/or class representative incentive awards must be filed with the Court and served at least forty-five (45) days prior to the Settlement Hearing.

## III.     THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

12.     The Court approves, as to form and content, the proposed Notice of Class Action Settlement and Publication Notice (collectively the "Class Notice"), which are exhibits A and B, respectively, to this Order.

13.     The Court finds that the distribution of Class Notice substantially in the manner and form set forth in ¶¶15-16 of this Order and the Second Stipulation of Settlement meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

14.     The Court approves the designation of Garden City Group, Inc., to serve as the Court-appointed Class Action Settlement Administrator for the settlement.  The Class Action Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

15.     The Court directs the Class Action Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all Exhibits thereto,

frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Stipulation.  The Claim Form shall be made available to Class members through the Settlement Website and on the websites of Class Counsel, at their options, no later than the Notice Date as defined below, and continuously thereafter through the Claim-In Period.

16.     The Class Action Settlement Administrator is ordered to provide Class Notice no later than sixty (60) days before the Settlement Hearing (the "Notice Date").

17.     The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Class Action Settlement Administrator and Class Notice expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**IV.    PROCEDURE FOR CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT**

18.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

19.     The Court approves the Parties' proposed form of the Claim Form. Any Class member who wishes to receive money from the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Class Action Settlement Administrator no later than eighty (80) days after the date the Court enters the Judgment ("Claim-In Period").  Such deadline may be further extended without notice to the Class by Court order.  Settlement Class Members who previously submitted a claim for payment in response to the Notice that ran after the District Court's entry of the Order Granting Final

Approval of the Stipulation of Settlement on April 5, 2011 (ECF No. 49) do not need to resubmit a Claim Form in order to be eligible for and to receive a cash payment.

20.     The Class Action Settlement Administrator shall have the authority to accept or reject claims in accordance with the Stipulation, including the Claims Administration Protocols.

21.     The Class Action Settlement Administrator shall send payment to eligible Settlement Class Members or, as applicable, a letter explaining the rejection of the claim, within 30 days of the Effective Date or 30 days from the close of the Claim-In Period, whichever is later.

22.     Any Class member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel.  All Class members who do not enter an appearance will be represented by Class Counsel.

## V.     PROCEDURE FOR REQUESTING EXCLUSION FROM THE CLASS

23.     Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class.  Any such Person must submit a completed request for exclusion to the Clerk of the Court postmarked or delivered no later than 30 days before the Settlement Hearing (the "Opt-Out and Objection Deadline"), as set forth in the Class Notice.  Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

24.     Any Class member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that

the Person is a member of the Class.  All Persons who submit valid and timely requests for

exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and

shall not be bound by the Stipulation or the Final Judgment and Order.

25.    A list reflecting all requests for exclusions shall be filed with the Court by

Defendant at or before the Settlement Hearing.

## VI.    PROCEDURE FOR OBJECTING TO THE SETTLEMENT

26.    Any Class member who desires to object either to the settlement, Fee and

Expense Award, or class representative incentive awards must timely file with the Clerk of this

Court and timely serve on the Parties' counsel by hand or first-class mail a notice of the

objection(s) and proof of membership in the Class and the grounds for such objections, together

with all papers that the Class member desires to submit to the Court no later than thirty (30) days

prior to the Settlement Hearing.  The Court will consider such objection(s) and papers only if

such papers are received on or before the Opt-Out and Objection Deadline provided in the Class

Notice, by the Clerk of the Court and by Class Counsel and Kellogg's counsel.  Such papers

must be sent to each of the following persons:

| | |
|---|---|
| Timothy G. Blood<br>Blood Hurst & O'Reardon, LLP<br>701 B Street, Suite 1700<br>San Diego, CA 92101<br>Telephone: 619/338-1100 | Dean N. Panos<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>Telephone: 312/222-9350 |

27.    All objections must include the name, address, and telephone number of the Class

Member submitting the objection, and the submitting Class Member's signature.  Each person

submitting an objection must state whether he or she (or his or her attorney) intends to appear at

the Settlement Hearing.

28.     All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than Opt-Out and Objection Deadline.  Objections received after the Opt-Out and Objection Deadline will not be considered at the Settlement Hearing.

29.     All objections must include a reference to *Dennis v. The Kellogg Company*, No. 3:09-CV-01786-IEG(WMC) (S.D. Cal.); the name of the Class member on whose behalf the objection is being submitted; and the Class member's address and telephone number.  Attendance at the Settlement Hearing is not necessary; however, any Class member wishing to be heard orally with respect to approval of the settlement, the application for the Fee and Expense Award, or the application for class representative incentive awards, is required to provide written notice of their intention to appear at the Settlement Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Notice.  Class members who do not oppose the settlement, the applications for the Fee and Expense Award, or class representative incentive awards need not take any action to indicate their approval.  A Person's failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Notice waives any right the Person may have to object to the settlement, Fee and Expense Award, or class representative incentive awards, or to appeal or seek other review of the Final Judgment and Order.

DATED:

_____

_____
THE HONORABLE IRMA E. GONZALEZ
UNITED STATES DISTRICT COURT JUDGE


BLOOD HURST & O'REARDON, LLP
Submitted by:                                          TIMOTHY G. BLOOD

Dated:  _____, 2013

By:_____

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
Fax: 619/338-1101
tblood@bholaw.com

BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: 602/274-1100
Fax: 602/274-1199
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com
 - and-
TODD D. CARPENTER
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619/756-6978
Fax: 602/798-5825
tcarpenter@bffb.com

PISCITELLI LAW FIRM
FRANK E. PISCITELLI, JR.
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/931-7000
frank@piscitellilaw.com

CLIMACO, WILCOX, PECA, TARANTINO &
GAROFOLI CO., L.P.A.
JOHN R. CLIMACO
PATRICK G. WARNER
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
Fax: 216/771-1632
jrclim@climacolaw.com
pwam@climacolaw.com

WHATLEY, DRAKE & KALLAS, LLC

PATRICK J. SHEEHAN
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: 212/447-7070
Fax: 212/447-7077
psheehan@wdklaw.com

Attorneys for Plaintiff

DATED: _____ 2013           JENNER & BLOCK LLP
                                   DEAN N. PANOS (admitted *pro hoc vice*)
                                   RICHARD P. STEINKEN (admitted *pro hoc vice*)


                                   _____
                                              DEAN N. PANOS

                                   353 N. Clark Street
                                   Chicago, IL 60654-3456
                                   Telephone:  312/923-2765
                                   312/840-7765 (fax)
                                   dpanos@jenner.com
                                   rsteinken@jenner.com

                                   BRENT L. CASLIN (198682)
                                   KENNETH K. LEE (264296)
                                   633 West 5th Street, Suite 3500
                                   Los Angeles, CA 90071-2054
                                   Telephone: 213/239-5100
                                   213/239-5199 (fax)
                                   bcaslin@jenner.com
                                   klee@jenner.com

                                   Attorneys for Defendant Kellogg Company

Exhibit G



**Kellogg's Mini Wheats Notice Plan**
**Revised:  March 15, 2013**
*Privileged & Confidential*

## Program Parameters

Geography:  National

**No Opinion affidavit**

Earliest Notice Start Date: 1 week from approval

Estimated Program Duration:  Up to 12-15 weeks

Estimated English Summary Notice Word Count:  550

## Magazines

| Title | Circulation | Frequency | Approximate Unit Size | Insertions |
|---|---|---|---|---|
| *USA Weekend* | 22,000,000 | Weekly | Digest | 1 |
| *Parents* | 2,213,162 | Monthly | 1/2 Page | 1 |
| **Total:** | **2,213,162** | | | **2** |

## Internet

*Estimated Impressions*          **200,000,000**

| Website | URL | Duration | Unit Size |
|---|---|---|---|
| Yahoo RON* | www.yahoo.com | 6 weeks | 728 x 90 |
| Yahoo Mail | www.mail.yahoo.com | 6 weeks | 160 x 600 |
| Real Media Group** | Various | 6 weeks | 728 x 90 |
| AOL | www.aol.com | 6 weeks | 728 x 90 |
| MSN RON | www.msn.com | 6 weeks | 728 x 90 |

## Media and Social Media Outreach

National Press Release of 1,000 words over PR Newswire's National US1 and Hispanic newslines. In addition:

• A 100 character social networking post to a variety of PR Newswire's social network presences including Twitter, LinkedIn and Facebook.

Blog release to over 500  blogs covering parenting and consumer.

Source:  Media representatives

*Buy may also include distribution on Yahoo's network of sites.

**Buy includes Run of Network and could include such websites as oprah.com, myspace.com, weather.com, ivillage.com, tvguide.com and usatoday.com, among several others.

# Exhibit H

**Exhibit H**

Dear _____:

You previously submitted a Claim Form for settlement relief in the case titled *Dennis v. Kellogg*, Case No. 3:09-CV-01786-IEG(WMC).  Following an appeal, that settlement has been revised.

You do **not** need to send a new Claim Form to receive settlement relief from the new settlement.  You are automatically entitled to receive $_____.

This amount may be increased or decreased depending upon the number of total claims received.  If, after all valid claims are paid, money remains in the settlement fund, your claim will be increased to up to three times the original value of your claim.  If settlement funds are insufficient to pay all valid claims, your award will be reduced *pro rata*.

Additional information (including the deadlines to object or opt out), the detailed class notice, and the settlement agreement are at www._____.com or call 1-800-xxx-xxxx.

No settlement relief will be paid until the new settlement is approved by the court.  Please be patient.

{00057228.V1}