UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS AND JON KOZ, on behalf of themselves and all others similarly situated,<br><br>           Plaintiff,<br><br>   v.<br><br>KELLOGG COMPANY, a Delaware corporation,<br><br>           Defendant. | No. 3:09-CV-01786<br><br>CLASS ACTION<br><br>DECLARATION OF FRANK E. PISCITELLI, JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, Frank E. Piscitelli, Jr., declare as follows:

1.      I am one of the attorneys representing the Plaintiffs and Class members in this lawsuit.  I am submitting this declaration in support of the Piscitelli Law Firm ("PLF") and Scott Kalish Co., LLC's ("SKC") application for an award of attorneys' fees and reimbursement of expenses in connection with services rendered by PLF and SKC in the above-entitled action.

2.      Attached as Exhibit 1 is my Firm's Resume.

3.      PLF and SKC were directly involved in the prosecution of this action by conducting legal and factual research relating to the drafting of the complaint, drafting and editing additional pleadings, motions and briefs, attending mediation and telephone hearings/conferences before this Court.

4.     From the inception of this litigation, counsel for Plaintiffs, including PLF and SKC have aggressively prosecuted this case and vigorously represented the best interests of Plaintiffs and the Class.  In the interest of the Class, we have consistently sought to maximize our efficiency while at the same time diligently pursuing this litigation.   The result is a settlement that provides great benefits for the Class in a timely manner.

5.     PLF and SKC have been at the forefront of this litigation since its inception. After performing extensive research and due diligence into the validity of the claims against the Defendant in May 2009, we drafted a complaint and demand letter and mailed it to the Defendant.  Shortly after sending a draft complaint and demand letter, I was contacted by the Defendant's outside counsel.  After several discussions with defense counsel, a protective order was negotiated and the Defendant produced financial documents.   In the mean time, FTC documents were produced and the review of those documents commenced as well as further research.

6.     While negotiating with the Defendant, the Dennis case was filed in this Court, and Counsel involved in both the Ohio and California actions joined forces.  After joining forces with the California counsel, mediation was conducted in San Francisco in January 2010. I was directly involved with the settlement negotiations before and during mediation of this matter. I participated in the legal research, preparation of the mediation memorandum, in a pre-mediation strategy session in California before mediation and attended mediation.

7.     SKC was directly responsible for any/all contact with the Ohio Class Representative, John Koz, for the period of time this action was pending.

8.     Mr. Koz actively participated in this litigation.  He reviewed the draft Ohio Complaint, he kept in frequent contact with counsel, he was willing to be deposed and to testify at any hearings and/or trial and Mr. Koz has reviewed and approves of the settlement agreement.

-2-

9.     The total number of hours spent on this litigation by my firm is 180.  The total lodestar amount for attorney/professional time based on the firm's rates is $93,470.00.  The hourly rates shown below are the usual and customary rates charged for each individual in all of our class action cases.  A breakdown of the lodestar is as follows:

| NAME | HOURS | RATE | LODESTAR |
|------|-------|------|----------|
| Frank E. Piscitelli, Jr. (2009) (Attorney) | 58.75 | $550.00 | $32,312.50 |
| Frank E. Piscitelli, Jr. (2010-11) (Attorney) | 92.75 | $600.00 | $55,650.00 |
| David Skall (Attorney) | .25 | $500.00 | $125.00 |
| Law Clerk – Regina DiTommaso | 1.5 | $200.00 | $300.00 |
| Paralegal I – Pam Loftus | 26.75 | $190.00 | $5,082.50 |
| **TOTAL** | **180** | | **$93,470.00** |

10.     My firm incurred a total of $3,388.54 in expenses in connection with the prosecution of this litigation.  They are broken down as follows:

| EXPENSE CATEGORY | TOTAL |
|------------------|-------|
| Meals, Hotels & Transportation | $3,155.61 |
| Messenger, Overnight Delivery | $52.93 |
| Filing, Witness & Other Fees | $180 |
| **TOTAL** | **$3,388.54** |

11.     The expenses pertaining to this case are reflected in the books and records of this firm.  These books and records are prepared from expense vouchers, check records, and other documents and are an accurate record of the expenses.

12.     The total number of hours spent on this litigation by SKC is 26.75.  The total lodestar amount for attorney/professional time based on the SKC's rates is $13,597.50.  It is

-3-

my experience in working with SKC that the hourly rates shown below are the usual and customary rates charged in SKC's class action cases. A breakdown of the SKC lodestar is as follows:

| NAME | HOURS | RATE | LODESTAR |
|------|-------|------|----------|
| D. Scott Kalish (2009) | 16.25 | $550.00 | $8,937.50 |
| D. Scott Kalish (2010) | 6.5 | $600.00 | $3,900.00 |
| Paralegal I – Pam Carthen | 4.0 | $190.00 | $760.00 |
| **TOTAL** | **26.75** | | **$13,597.50** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of June 2013, in Cleveland, Ohio.

Frank E. Piscitelli, Jr.

# EXHIBIT 1



**The Piscitelli Law Firm is a plaintiff consumer injury, mass tort and class action law firm based in Cleveland Ohio. The firm is actively engaged in the prosecution of catastrophic personal injury, medical malpractice and product liability actions, as well and consumer class actions nationwide. The firm participates in several MDL actions, which presently includes MDLs involving injuries from pharmaceutical, medical devices and consumer law violations.**

| | |
|---|---|
| **Areas of Practice:** | Class Actions; Mass Tort; Personal Injury, Professional Negligence; Violations of Consumer Protection Laws |
| **Education:** | 1990:    B.A. Cleveland State University |
| | 1993:    J.D. Cleveland Marshall College of Law |
| **Admitted:** | 1993:    Ohio Supreme Court |
| | 1993:    United States District Court for the Northern District of Ohio |
| | 1995:    United States Court of Appeals, Sixth Circuit |
| | 2008:    United States District Court for the Southern District of Ohio |
| | 2010:    United States District Court, Eastern and Western Districts of Arkansa |
| | Frank E. Piscitelli, Jr. has been admitted to appear pro hac vice as trial counsel in the State Courts in the States of New York, Missouri, Arizona, Florida and California. |
| | Admitted to appear pro hac vice as trial counsel in Federal District Court in Virginia, Louisiana, Massachusetts and California. |
| **Reported Cases:** | Boland v. National City Bank, 1996 U.S. App. LEXIS 34356. |
| | Ed Wolf, Inc. v. National City Bank, 1997 Ohio App. LEXIS 237 (Ohio Ct. App. 1997). |
| | Middleton & Assocs. v. Weiss, 1997 Ohio App. LEXIS 2667 (Ohio Ct. App. 1997). |

June 14, 2013

Hunting Valley v. Kups, 1999 Ohio App. LEXIS 3497 (Ohio Ct. App. 1999).

Slauterbec v. Delaney, 2000 Ohio App. LEXIS 5159 (Ohio Ct. App. 2000).

Weiss v. PUC, 90 Ohio St. 3d 15 (Ohio 2000).

State ex rel. Cleveland Elec. Illuminating Co. v. Cuyahoga County Court of Common Pleas, 88 Ohio St. 3d 447 (Ohio 2000).

Neumann v. Shimko, 2000 Ohio App. LEXIS 1063 (Ohio Ct. App. 2000).

Rapisarda v. Chagrin Valley Ath. Club, 2001 Ohio 8821 (Ohio Ct. App. 2001).

Helman v. EPL Prolong, Inc., 2002 Ohio 5249 (Ohio Ct. App. 2002).

Shimko v. Lobe, 2002 Ohio 2015 (Ohio Ct. App. 2002).

Kreeger v. Hirt, 2003 Ohio 3172 (Ohio Ct. App. 2003).

Shimko v. Lobe, 152 Ohio App. 3d 742 (Ohio Ct. App. 2003).

Ippolito v. First Energy Corp., 2004 Ohio 5876 (Ohio Ct. App. 2004).

Cline v. Reliance Trust Company, 2005 U.S. Dist. LEXIS 26066.

Kanally v. Ameritech Ohio Co., 2008 Ohio 4446, 2008 Ohio App. LEXIS 3747.

Kalnasy v. MetroHealth Medical Center, 2008 Ohio 3035; 2008 Ohio App. LEXIS 2532.

Huang v. All Crematory Corp., 1:00-CV-566, 2002 WL 34370241 (N.D. Ohio Sept. 19, 2002)

Huang v. All Crematory Corp., 1:00-CV-566, 2002 WL 34380757 (N.D. Ohio Aug. 22, 2002)

June 14, 2013

In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig., MDL 1998, 2009 WL 5184352 (W.D. KY Dec. 22, 2009)

McKinney v. Bayer Corp., 1:10-CV-00224, 2011 WL 2553304 (N.D. Ohio June 28, 2011)

Hardin v. Reliance Trust Co., 1:04 CV 2079, 2006 WL 2850457 (N.D. Ohio Sept. 29, 2006)

Pfaff v. Whole Foods Mkt. Group Inc., 109CV02954, 2010 WL 3834240 (N.D. Ohio Sept. 29, 2010)

Mann v. CSX Transp., Inc., 1:07-CV-3512, 2009 WL 3766056 (N.D. Ohio Nov. 10, 2009)

In re FirstEnergy Corp. Sec. Litig., 503-CV-1684, 2007 WL 852032 (N.D. Ohio Mar. 19, 2007)

**Noteworthy Cases:**

Godec v. Bayer Corporation, et al., U.S. District Court, Northern District of Ohio, Easter Division, Consumer Class Action involving Breach of Warranty, Class Counsel.

Gemelas v. The Dannon Co., Inc., U.S. District Court, N.D. Ohio; Co-Lead Counsel; Consumer Class Action involving alleged violations of Ohio Consumer Sales Practices Act and Ohio Consumer Trade Practices Act; $35 Million National Settlement.

Koz v. Kellogg Company, U.S. District Court, S.D. California; Co-Lead Counsel; Consumer Class action alleging violations California and Ohio Consumer law.

Ippolito, et al. v. Countrywide Financial Corp., et al.–Member of Plaintiffs' Executive Committee – Approval of Settlement of consumer class action involving data security breach.

Pfaff v. Whole Foods Market Group, Inc., et al., U.S. District Court, N.D. Ohio – Co-Lead Counsel in settled class action involving, *inter alia,* alleged violations of Ohio Consumer Sales Practices Act and Ohio Consumer Trade Practices Act.

Trial Counsel – John Doe v. ABC Hospital and XYZ Hospital, resulting in a $3 Million settlement during jury selection, Cuyahoga County.

June 14, 2013

Lead Trial Counsel - Powell v. Highland District Hospital Professional Services Corporation, et al. resulting in a $5.9 million verdict.

Lead Trial Counsel - Jane Doe v. Amusement Park Co.—alleged improper design and content of amusement ride warning signs.  First case alleging this theory of liability resulting in $2 million settlement.

Co-Lead Counsel in Jane Doe v. Investment Firm—Through intense and vigorous discovery, documents were discovered that led to a $2 million settlement that included all of the Plaintiff's compensatory damages as well as a portion of the defendant's punitive damage exposure.

John Doe v. Gastroenterologist—medical malpractice through improper monitoring of medication side affects leading to kidney failure resulting in $2 million settlement.

Fitzpatrick v. General Mills, Inc. and Yoplait USA, Inc. – Putative Consumer Class Action involving alleged violations of Florida Deceptive and Unfair Practices Act and Breach of Express Warranty.

Brock v. General Mills, Inc. and Yoplait, USA, Inc.– Putative Consumer Class Action involving alleged violations of Ohio Consumer Sales Practices Act and Ohio Consumer Trade Practices Act.

**MDL Cases:**                    In Re: Oreck Corporation Halo Vacuum And Air Purifiers Marketing And Sales Practices Litigation, Executive Committee Position.

In Re: Horizon Organic Milk Plus DHA Omega-3 Marketing And Sales Practice Litigation, Interim Co-Lead Counsel.

In Re: Fosamax (Alendronate Sodium) Products Liability Litigation (No. II), Appointed to the Plaintiffs' Steering Committee.

In Re:  KABA Simplex Locks Marketing and Sales Litigation, Appointed to the Plaintiffs' Steering Committee.

In Re: Navistar 6.0 L Diesel Engine Products Liability Litigation, Appointed to the Law Committee and Discovery Committee.

June 14, 2013

Mosley, et al. v. The Proctor & Gamble Mfg. Co., et al.–MDL involving injuries related to the use of denture cream products.

Pogrebinsky v. POM Wonderful, LLC – Putative Class Action involving alleged violations of Ohio Consumer Sales Practices Act and Ohio Consumer Trade Practices Act.

Ippolito, et al. v. Countrywide Financial Corp., et al., (Member of Executive Committee In re:   Countrywide Financial Corp. Customer Data Security Breach Litigation, MDL No. 1998).

Sahley v. Merck & Co., Inc., et al. and Kean v. Merck & Co., Inc., et al. (In Re: Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1938)
Argued MDL Transfer Motion in Austin, Texas.

Novak v. Actavis, et al. and Stanley v. Actavis, et al. (In Re: Digitek Products Liability Litigation, MDL No. 1968)  Argued MDL Transfer Motion in San Francisco, CA.

Lewis-Griffin, et al. v. RBS WorldPay, Inc., (In Re:  RBS Worldpay Network Intrusion Litigation, MDL No. 2035).

McGinty, et al. v. Heartland Payment Systems, Inc., In Re: RBS Worldpay Network Intrusion Litigation, (In Re: Heartland Payment Systems, Inc. Consumer Data Breach Litigation, MDL No. 2046).

Pietrangelo, et al. v. Apple, Inc., et al. (In Re:  Apple Iphone 3G and 3G-S "MMS" Marketing and Sales Practice Litigation, MDL No. 2116).

Menssen v. Toyota Motor Sales, U.S.A., Inc. et al. and Glardon v. Toyota Motor Engineering & Manufacturing North America, Inc. et al.

James E. Gallucci and Lorenzo Gentile v. Sears, Roebuck and Company, Deere & Company, Tecumseh Products Company, Briggs & Stratton Corporation, Kawasaki Motors Corp., USA, MTD Products Inc., The Toro Company, American Honda Motor Company, Inc., Electrolux Home Products, Inc., The Kohler Company, Platinum Equity, LLC, and Husqvarna Outdoor Products, Inc., (In Re:  Lawnmower Engine Horsepower Marketing and Sales Practice Litigation, MDL No. 1999).

June 14, 2013

**Securities Cases:**    Campagnuolo v. FirstEnergy Corp. et al., U.S. District Court, Northern District of Ohio - Securities Class Action.

Blaz v. Charter One Financial, et al., Cuyahoga County Court of Common Pleas; settlement resulting in improved discloures.

Smith v. Merrill Lynch, U.S. District Court, Northern District of Ohio; $2 Million single plaintiff settlement.