Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Kendal Mark Jan and Toni Ozen

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JON KOZ, On Behalf of Themselves and All Other Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KELLOGG COMPANY, a Delaware Corporation,<br><br>    Defendant. | Case No. 3:09-CV-01786-IEG (WMC)<br><br>**OBJECTION TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Date:  September 9, 2013<br>Time:  10:30 a.m.<br>Place:  Courtroom 1<br>Judge:  Hon. Irma E. Gonzalez |

    KENDAL MARK JAN and TONI OZEN ("Objectors") are Class Members and make these Objections to the Proposed Class Action Settlement and give notice of their intent to appear at the final approval hearing.  Objectors are Class Members, qualified to make a claim as set forth in the NOTICE OF CLASS ACTION SETTLMENT; Mr. Jan's address is 7/404 Charlton Esplanade, Torquay, QLD 4655 Australia, Toni Ozen may be contacted through her attorney.

## **INTRODUCTION**

    Rule 23(e) of the Federal *Rules of Civil Procedure* provides that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."  A settlement may only be approved after the court finds it is fundamentally fair, adequate and reasonable.

1

*Id.* This rule has been read as a requirement for the court to " 'independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished.' " *In Re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3rd 2001)*, citing In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.,* 55 F.3d 768, 785 (3rd Cir. 1995). For guidance on these questions, a district court must consider a number of factors, including:

> (1)The strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) and the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F. 3d 938, 959 (9th Cir. 2003). This list of factors is "by no means an exhaustive list of relevant considerations." *Id.*

"Active judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process. Continued reliance on case law development of fee-award measures does not diminish the court's responsibility. In a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a common fund or are otherwise paid. Even in the absence of objections, the court bears this responsibility." Committee Notes to Rule 23(h), 2003.

Ultimately, the goal of the district court's is to reach a reasoned judgment that the agreement is not the product of fraud or collusion between the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned. *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (E.D. Cal. 2010). As is the case here, when the settlement was achieved before class certification, the court should view the settlement with "heightened scrutiny." *In re General Motors*, 55 F.3d at 807. This is because, "[t]he danger of a premature, even a collusive, settlement is increased

when as in this case the status of the action as a class action is not determined until a settlement has been negotiated." *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 680 (7th Cir. 1987).   This settlement is a sad reflection of the collusion and conflict promoted by class counsel. It has gone from $10.6 million to $4 million.  The class recovery has been slashed, the attorney fee request has not.

### I.  CLASS COUNSEL'S USE OF *CY PRES* RELIEF IS IMPROPER

The doctrine of *cy pres* originated in the law of wills and trusts and allowed courts to redirect money from trusts and testamentary gifts that would otherwise fail for legal reasons. *In Re Wells Fargo Securities Litigation*, 991 F.Supp. 1193, 1194-95 (N.D. Cal. 1998).  However, a court cannot direct excess funds to any seemingly worthwhile recipient, instead, the funds must be used in such a way that best serve the original intent of the settlor or testator. *Id* at 1195.

In the context of class actions, distribution of funds through the use of *cy pres* should be limited in two ways. *Id* at 1194.  First, the doctrine of *cy pres* should only be invoked when "(1) no parties have equitable interests in the residue or (2) distribution to such parties would be impractical." *Id*.  Second, "a court must be careful to direct the residue to an entity that will indirectly serve the interests of class members or "others similarly situated, e.g. *future class members* who engage in future transactions of the type involved in the class litigation." *Id* at 1195.

**D.     The *Cy Pres* Recipient Must Be Identified**

The settlement may only be approved after the court determines it is fair, adequate and reasonable. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 955 (9th Cir. 2009).  Without having identified a *cy pres* recipient for the Settlement Fund this determination is not possible.  Here the class is unable to make any determination regarding the intended recipients because they are not disclosed in the notice or on the settlement website.  Until the class is notified of the nominated *cy pres* recipients it is

impossible to make any informed evaluation of the settlement.  The settlement must be rejected until such timely disclosure is made and opportunity provided to the class to comment on the nominations

Also, without a named *cy pres* recipient, the Class Notice is defective.  The Class Members have no idea how their funds might be used or in whose hands their monies will end up.  Class Members have an interest in seeing the funds used in a manner that effectuates the underlying purpose of this lawsuit.  Without a named recipient, they cannot be sure that will happen.

## II.  ATTORNEYS' FEES CANNOT BE APPROVED

The notice states class counsel will file their attorney fee application on July 26, 2013 and post the application on the settlement website.  As of 9:30 P.M. on August 10, 2013, no such information is available on the settlement website.  Accordingly, the class is unable to evaluate, or object to the fee application.  This unavailability of information is directly contrary to *In re Mercury Interactive Corp. Securities Litigation,* 618 F.3d 988 (9th Cir. 2010).  The settlement and attorney fee application must be rejected.

## III.   THE ATTORNEY FEE QUICK PAY PROVISION IS IMPERMISSIBLE AND DEMONSTRATES A CONFLICT OF INTEREST

Section VIII of the settlement agreement cannot be permitted.  It places the payment and interest of the attorneys ahead of the class.  Considering the defiance of class counsel and issues discussed above – this provision cannot be permitted.  Class counsel should be paid only after their clients are compensated.  In this case the court must consider whether any compensation is permissible given the undeniable conflict of interest created by the settlement agreement.

## IV.   ADOPTION AND JOINDER OF ALL OTHER OBJECTIONS

These Objectors join in and adopts all well-taken, good faith objections filed by other Class Members in this case and incorporate them by reference as if they appeared fully herein.

## V. CONCLUSION

**WHEREFORE**, these Objectors respectfully request that this Court:

A. Upon proper hearing, sustain these Objections;

B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement; AND

C. Award attorneys' fees and an incentive award to these Objectors and their counsel for their service in this litigation.

Dated:  August 10, 2013         By: ____/s/ Darrell Palmer_____
                                     DARRELL PALMER
                                     Attorney for Objectors

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2013, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users, service will be accomplished by the USDC CM/ECF system.

____/s/ Darrell Palmer_____
Darrell Palmer
Attorney for Objector