August 9, 2013

13 AUG 14 PM 3:41

NUNC PRO TUNC

AUG 1 2 2013

***Via Federal Express Overnight Mail***
Clerk of the Court
U.S. District Court Southern District of California
880 Front Street, Suite 4290
San Diego, California 92101

Re: *Dennis v. Kellogg*, Case No. 3:09-CV-01786-IEG(WMC)

Dear Clerk of Court:

Please accept this letter as my objection to the proposed class action settlement, the award of excessive attorneys' fees and expenses to class counsel, and the Court's approval of the settlement in the above referenced class action lawsuit. The proponents of this settlement have not met their burden to show that the settlement is fair, reasonable, and adequate.

I am a class member, as I have "purchased Kellogg's Frosted Mini-Wheats cereal in the United States between January 28, 2008 and October 1, 2009."

My name is Stephen Santiago. My home address is 2265 SW 25th Terrace in Miami, Florida, 33133 and my phone number is 305-359-7379.

I additionally object on the following grounds:

1) Objection is made based on the proposed award of attorneys' fees, which is excessive under both a lodestar and a percentage of recovery methodologies. Additional objection is made to the extent of the failure of class counsel to make a detailed attorneys' fee and expense application within a reasonable and adequate amount of time for objectors to evaluate the fee and expense application.

2) Objection is made to the provision in the Stipulation (Dkt. 89) that class counsel will be paid within ten (10) days of approval of the settlement, irrespective of objections class members may have to the terms of the settlement. Objection is made that class counsel has created a conflict of interest for itself and has rendered itself inadequate counsel for agreeing to this provision.

1

3) Specific objection is made that the proponents of this settlement have <u>not</u> met their burden to show that the settlement is fair, reasonable, and adequate. Objection is made on the basis of the insufficiency of the $4 million common fund and the lack of overall fairness in this settlement.

4) In the Approval Order, this court expressed similar concern about the fairness of this settlement:

> [A]s discussed below in regard to the purported fairness of the settlement, the Court is concerned that, as between the original settlement and the revised settlement proposed here, the value to absent class members decreased dramatically while the requested attorneys' fees and incentive awards appear unaffected. The Court cautions the parties that, left unresolved, these concerns could result in a finding of inadequacy.
> Dkt. 95 at 6.

The court went on to state that "these concerns are especially troubling given the Ninth Circuit previous admonishments to the parties over both illusory dollar values and excessive attorneys' fees." Id. at 8. The court specifically referenced the disparity in cash amount of the original settlement as compared to the current settlement. Objection is made to any procedures or requirements to object that require information or documents other than those that are complied with herein to the extent that such requirements are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate objectors' due process rights and Rule 23(e)(5).

5) Objection is made to the illusory nature of the injunctive relief. Class counsel states that "the Stipulation puts an end to Kellogg's alleged unlawful practices" by insuring that for "a period of three (3) years from the Effective Date, Defendant must refrain from using in its advertising and on its labeling for the Product any assertion to the effect that 'eating a bowl of Kellogg's® Frosted Mini-Wheats cereal for breakfast is clinically shown to improve attentiveness by nearly 20%.' " Dkt. 101-1 at 26. If the remedy for Kellogg's prior injurious conduct is limited to a three-year ban on said conduct, then that is not really a remedy at all. It is merely a short-

term ban from making what has already been determined to be an unsupportable, false advertising claim.

6) I also object to the proponents of the settlement not sustaining their burden of proof on commonality, predominance, superiority and adequacy of class counsel and class representatives under Fed. R. Civ. Proc. 23.

I also join in and incorporate herein by reference any and all objections filed by other objectors as though set forth in full, to the extent not inconsistent with the specific objections made herein.

I will not attend the settlement hearing on September 9, 2013.

I am mailing my objections, as indicated above and below, to the court and to the attorneys identified in the notice as required recipients.

Sincerely,

Stephen Santiago

cc:
*Via Federal Express Overnight Mail*
Timothy G. Blood
BLOOD HURST & O'REARDON, LLP
701 B Street
Suite 1700
San Diego, California 92101

Dean N. Panos
Richard P. Steinken
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654