JENNER & BLOCK LLP
Brent Caslin (Cal. Bar No. 198682)
bcaslin@jenner.com
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West Fifth Street, Suite 3600
Los Angeles, CA 90071-2054
Phone: (213) 239-5100
Fax: (312) 239-5199

JENNER & BLOCK LLP
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
Richard P. Steinken (admitted *pro hac vice*)
rsteinken@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 222-9350
Fax: (312) 527-0484

Counsel for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| HARRY DENNIS and JOHN KOZ, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br> vs.<br><br>KELLOGG COMPANY, a Delaware corporation,<br><br>   Defendant. | Case No. 3:09-CV-01786 IEG (WMC)<br><br>CLASS ACTION<br><br>KELLOGG COMPANY'S REPLY IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date: September 9, 2013<br>Time: 10:30 a.m.<br>Courtroom: 4D<br>Judge: Hon. Irma E. Gonzalez |
|---|---|

  Defendant Kellogg Company ("Kellogg"), by and through its attorneys, Jenner & Block LLP, hereby submits its Reply in Support of Final Approval of Class Action Settlement.

  The terms of the settlement of the putative class action challenging Kellogg's labeling, marketing and promotion of Frosted Mini Wheats® cereal that has been pending since 2009 have been set forth in the parties' Stipulation of Settlement (ECF

No. 89), were preliminarily approved in this Court's Order granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement (ECF No. 95), and were explained in detail in Plaintiffs' Memorandum in Support of Motion for Final Approval of Class Action Settlement (ECF No. 101) and in Kellogg Company's Memorandum in Support of Final Approval of Class Action Settlement (ECF No. 99). As those previous filings make plain, the settlement represents a fair and reasonable compromise of the Class claims, provides settlement Class members with a fair and adequate recovery, utilizes the best practicable notice program and a cost-effective claims administration plan, and awards attorneys' fees in an amount that is well-documented and consistent with legal precedent from the Ninth Circuit Court of Appeals. The settlement in all ways is responsive to and corrective of deficiencies identified by the Ninth Circuit when it reversed this Court's approval of the initial settlement in this case. *Dennis v. Kellogg Company*, 697 F.3d 858 (9th Cir. 2012). Because the current settlement is a fair, reasonable and adequate resolution of highly-contested litigation and fully complies with applicable legal standards, the settlement should be granted final approval.

Issues raised by the Court in its Order granting preliminary approval of the Class Action Settlement (ECF No. 95), have been fully addressed in the memoranda filed by Plaintiffs and Kellogg in support of final approval (ECF Nos. 99 and 101) and do not provide a basis for denying final approval. Similarly, the objections submitted by six potential Class members are inadequate to prevent final approval. Kellogg adopts and endorses the analysis of and response to those objections set forth in Plaintiffs' Reply in Support of Motion for Final Approval of Class Action Settlement (filed August 30, 2013). As set forth in Plaintiffs' Reply Memo, each of the objections suffers from legal and/or factual deficiencies or reflects a misunderstanding of the purpose and terms of the settlement.

For example, the Objection to Class Action Settlement filed by Jay W. Kutchka challenges the adequacy of the court-approved Notice Program because he states that he has eaten the cereal for years but was unaware of this litigation until he read a news article in June 2013. However, under the facts here, where individual notice was not possible, the Notice Program plainly was the "best practicable under the circumstances," using print advertising, online banner advertising, press releases to print, broadcast, television, and online media, and a settlement website, all of which was further supplemented by extensive news coverage. The effectiveness of the program is at least in part evidenced by the expected exhaustion of the settlement fund. Kutchka cites to no evidence to support his contention that the Notice Program was inadequate, other than the fact that he received his timely notice only in June 2013.

Nonetheless, Kutchka promotes an alternative notice program, suggesting that notice be placed on Frosted Mini Wheats® cereal boxes. The impracticalities of such a program are apparent. The program would require that consumers spend money to buy additional Kellogg's product to receive notice and/or a claim form. Design and layout problems would abound, particularly because Frosted Mini Wheats® is a high volume product available in a wide variety of sizes and SKUs. Given that packaging design can require lead times of up to several months before a product hits the shelves and the product may have a shelf life of one year, it would be logistically difficulty to time the presence of the notice packaging on the shelves during the claim period. Moreover, such packaging could create issues with retailers and in connection with in-store promotions. Finally, there is no evidence that the proposed notice program would more effectively reach consumers who made purchases based on alleged deceptive advertising than the Court-approved program actually utilized in the case.

If the ultimate question to be determined here is whether the settlement is "fundamentally fair, adequate, and reasonable," the overwhelmingly positive response of the Class members reflects their collective assessment that the settlement represents

a fair and reasonable compromise of Class claims and provides settlement Class members with a fair and adequate recovery. Because the settlement moreover utilizes the best practicable notice and claims administration plan, and awards attorneys' fees consistent with legal precedent, the settlement should be granted final approval.

## CONCLUSION

For the reasons stated herein, in Kellogg Company's Memorandum in Support of Final Approval of Class Action Settlement (ECF No. 99), in Plaintiffs' Memorandum in Support of Motion for Final Approval of Class Action Settlement (ECF No. 101), and in Plaintiffs' Reply in Support of Motion for Final Approval of Class Action Settlement, Defendant Kellogg Company respectfully requests that the Court grant final approval of the Stipulation of Settlement.

Dated: August 30, 2013

KELLOGG COMPANY
By: /s/ Richard P. Steinken
One of its attorneys

JENNER & BLOCK LLP
Brent Caslin (Cal. Bar No. 198682)
bcaslin@jenner.com
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West Fifth Street, Suite 3600
Los Angeles, CA 90071-2054
Phone: (213) 239-5100
Fax: (312) 239-5199

JENNER & BLOCK LLP
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
Richard P. Steinken (admitted *pro hac vice*)
rsteinken@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 222-9350
Fax: (312) 527-0484

Attorneys for Defendant Kellogg Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List. I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CF/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 30, 2013.

/s/ Richard P. Steinken

RICHARD P. STEINKEN

JENNER & BLOCK LLP
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
Richard P. Steinken (admitted *pro hac vice*)
rsteinken@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 222-9350
Fax: (312) 527-0484