# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JON KOZ, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KELLOGG CO.,<br><br>Defendant. | CASE:09-CV-1786-IEG (WMC)<br><br>**FINAL JUDGMENT** |

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement dated March 15, 2013 ("Stipulation"), [Doc. No. 89], and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure Rule 23, and as detailed in the Court's final approval order, [Doc. No. 115], the Court:

- **GRANTS** final settlement approval;
- **GRANTS** certification of the settlement class;

- **GRANTS** class counsel's request for attorneys' fees and costs;
- **GRANTS** the requested incentive awards to the class representatives;
- **OVERRULES** all objections; and
- **DENIES** objector's request for attorneys' fees.

4. Pursuant to Federal Rule of Civil Procedure 23 all Persons who satisfy the Class definition, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

5. Pursuant to Federal Rules of Civil Procedure, Rule 23(a), the Court finds that the Plaintiffs in the Litigation, Harry Dennis and John Koz, are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Litigation. Accordingly, the Court hereby appoints Harry Dennis and John Koz as class representatives.

6. The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

7. Having considered the factors set forth in Federal Rules of Civil Procedure, Rule 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus, hereby appoints Class Counsel as counsel to represent the Settlement Class Members.

8. Persons who filed timely, completed Opt-Outs are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendant.  However, such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

9. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rules of Civil Procedure, Rule 23, the requirements of due process, 28 U.S.C. §1715, and any

other applicable law.

10. Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and Interested Persons, the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, the Honorable Richard Haden of the San Diego office of JAMS. Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

11. All Class members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

12. None of the settlement, this Judgment, nor the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.

13. Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds to be $1,000,000.  Class representatives, Harry Dennis and Jon Koz, are each entitled to an incentive award of $5,000.  The Fee and Expense Award and incentive awards shall be paid out of the Settlement Fund created by Kellogg pursuant to the Stipulation.

14. The Court hereby dismisses with prejudice the action, and all Released Claims against each and all Released Persons and without costs to any of the Parties as against the others.

15. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

16. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is

hereby directed to enter this Judgment forthwith.

17. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Stipulation.

**IT IS SO ORDERED.**

**DATED:** September 13, 2013

*Irma E. Gonzalez*
**IRMA E. GONZALEZ**
**United States District Judge**