UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY DENNIS and JON KOZ, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KELLOGG COMPANY,<br><br>Defendant. | Civil No. 09cv1786 L(WMC)<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES FOR OBJECTORS BERG AND Rivero [doc. #117]** |

**I.     Background**

On April 5, 2011, the Court granted final approval to the class action settlement, awarded attorney's fees and entered judgment. [doc. #49]. On appeal, the Ninth Circuit Court of Appeals reversed the final settlement approval order, vacated the judgment and award of attorneys' fees, and remanded for further proceedings, finding that the *cy pres* award under the terms of the settlement failed to appropriately target the plaintiff class. *Dennis v. Kellogg Co.*, 697 F.3d 858, 869 (9th Cir. 2012).

After remand, the parties sought preliminary approval of a revised Settlement Agreement. On May 3, 2013, the Court granted plaintiffs' motion for preliminary approval but indicated its concern:

> The cash value of the original settlement was over $10.5 million, of which $2

1     million was set aside for attorneys' fees and claims administration, thereby leaving
approximately $8.5 million in value to the class. That settlement was vacated by
2     the Ninth Circuit and remanded for identification of a proper *cy pres* recipient.
Yet, the cash value of the revised settlement proposed is a mere $4 million, of
3     which $1.5-2 million is still reserved for attorneys' fees and claims administration,
leaving only $2-2.5 million [a]s value to the class.

(Order at 8. [doc. #95])

Plaintiffs filed their motion for final approval of the Settlement on July 26, 2013. [doc. #101] Within their motion, Class counsel sought attorneys' fees and expenses of $1 million, which was 25% of the $4 million value of the Settlement. (*Id.* at 55-58.)

Prior to the final fairness hearing, M. Todd Henderson, Kendal Mark Jan and Toni Ozen, Stephen Santiago, and Dorothy Cicero timely filed Objections to the revised Settlement.[1] Objector Henderson found fault with the requested attorneys' fees for unfairly freezing out the Objectors, Stephanie Berg and Omar Rivero who were responsible for the bulk of the increased class benefit that occurred as a result of the appeal of the original Setlement. (Henderson Obj. at 11. [doc. #102]) In seeking a portion of the attorneys' fees for the Objectors, specifically $256,166.67, Mr. Henderson argued:

> The settlement shortchanges the parties and attorneys who actually achieved benefit for the class. The class would have received only $800,000 if not for the efforts of two objectors and their counsel who successfully fought the case all the way to the Ninth Circuit. A majority of the class benefit—$1.3 million of the $2.1 million the class will receive—is attributable to the objectors. . . . Attorneys' fees for the objections proportional to their success should be deducted from the class counsel's fee request.

(*Id.* at 8-9 and 11-12.)

Objector Henderson proposed that:

> Class counsel gets full credit for the $800,000 they negotiated in the first settlement, and a $266,666.67 payment. For the remaining $1,525,000 attributable to the Ninth Circuit victory, the 25% fee should be split between class counsel and the objectors: $254,166.67 for the objectors, $254,166.66 for class counsel.

(*Id.* at 19.)

But as noted in plaintiffs' August 30, 2013 Reply in support of their motion for final

---

[1]     Additional objections were provided by Jeremy Sagaribay and Jay Kutchka.

approval: "Here, the original objectors [Berg and Rivero] did not make any application for attorneys' fees and have not objected to the current Settlement. Because no objector has made an appropriate fee request, Henderson's suggestion on how fees should be split with objectors is not at issue." (Reply re: Mtn for Final Approval at 24. [doc. #113])

The Final Fairness Hearing occurred on September 9, 2013. In its September 10, 2013 Order granting final approval of the Settlement, the Court addressed Mr. Henderson' objection concerning attorneys' fees for objectors' prior success on appeal noting that Henderson did not participate in the appeal and that "[t]he objectors that in fact prevailed on appeal, class members Stephanie Berg and Omar Rivero, . . . are no longer participating in this case . . . and **neither objects to the present settlement or moves for fees**."[2] (Final Approval Order at 8 (emphasis added.) [doc. #115]) In that same Order granting final settlement approval, the Court granted class counsel's request for $1,000.000.00 in fees, which was noted to constitute 25% of the cash fund in the revised Settlement. (Final Approval Order at 12-14.)

On September 24, 2013, Objectors Stephanie Berg and Omar Rivero filed a motion for attorneys' fees for their successful assertion of their objections to the Ninth Circuit Court of Appeals arguing that "objectors who provide a material benefit to the class through their objections are entitled to fees as a matter of law." (Mtn memorandum at 1-2 (citing *Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012)). Plaintiffs and defendant were ordered to file responses to Berg and Rivero's motion not later than October 11, 2013, showing cause why Objectors' motion should not be granted. [doc. #118] Plaintiffs timely filed their opposition to the Objectors' motion, as did defendant. [doc. nos. 123, 124] Objectors filed a reply memorandum on October 16, 2013. [doc. #130]

In their motion, Objectors seek an award of attorneys' fees equal to a percentage of the "$1,525,000 increased class benefit attributable to the new settlement." (Mtn at 1.) Objectors point out that under the initial Settlement, prior to the appeal, the Class would have received

---

[2] Objectors Stephanie Berg and Omar Rivero filed notices of appeal on April 22, 2011 and April 29, 2011. Ms Berg was represented by Darrell Palmer on appeal and Mr. Rivero proceeded in pro se.

$800,000 in benefits but after the appellate reversal and the revised Settlement, the Class received $2,100,000 in benefits.[3] The Objectors also state "[t]he 20% fee should be divided equally between class counsel and Palmer/Bandas, with each group receiving $152,500." (*Id.* at 4.)

## II.     Discussion

Plaintiffs argue that the Objectors' motion for attorneys' fees is untimely by relying on the Court's Preliminary Approval Order that required all motions for attorneys' fees and incentive awards be filed no later than 45 days prior to the Final Approval Hearing. As discussed previously, plaintiffs' July 26, 2013 motion for final approval of the Settlement contained a request for attorneys' fees. Mr. Henderson filed his objection to the requested attorneys' fees on August 9, 2013 – 30 days prior to the Final Fairness hearing – noting Objectors Berg and Romera conferred a material benefit on the Class because of their successful appeal, and were therefore entitled to attorneys' fees. But Objectors Berg and Rivero neither filed an objection to the attorneys' fees requested by Class counsel, nor sought any attorneys' fees prior to or at the Final Fairness Hearing. The Court approved the Settlement Agreement and directed entry of Judgment which included attorneys' fees for class counsel but not for any of the Objectors.

*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010), the Court of Appeals held that a class member must have an adequate opportunity to oppose class counsel's fee motion: "Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members." *Id.* at 993. Here, the Court set a 45-day deadline for the filing of a motion for attorneys' fees. Objectors had notice of that deadline but they did not act to request attorneys' fees. Further, Objectors had an adequate time, 45 days, to review Class Counsel's motion for attorneys' fees but they did not file any Objections whatsoever to the requested amount prior to or at the time of the Final Fairness Hearing.

---

[3] The increase in Class benefits appears to be $1,300,000, not $1,525,000 the Objectors note: $2,100,000 - $800,000 = $1,300,000.

Objectors contend that the 45-day rule set forth in the Court's Preliminary Approval Order to seek attorneys' fees does not apply to objectors but only to Class counsel. Instead, according to Objectors, Federal Rule of Civil Procedure 54(d)(2) is applicable and therefore, the Objectors' motion for attorneys' fees was required to "be filed no later than 14 days after the entry of judgment." (Motion at 1. [doc. #117])  But Objectors have provided no authority to show that motions for attorneys' fees for objectors in class action cases are subject only to Rule 54(d)(2) rather than Rule 23(h) which provides that "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs . . . by motion under Rule 54(d)(2), **subject to the provisions of [Rule 23] subdivision (h)**, **at the time the court sets**." FED. R. CIV. P. 23(h)(1) (emphasis added). Here, the Court's Order required *all* motions for attorneys' fees and incentive awards be filed no later than 45 days prior to the Final Approval Hearing.

Objectors also argue that under *Rodriguez*, they are entitled to attorneys' fee for creating an improved class benefit that would not "accrue until after the 45-day deadline," and therefore, it would have been premature to move for attorneys' fees at the time provided by the Court. (Reply at 1-2. [doc. #130]) This argument that the improved Class benefit would only accrue after the 45-day deadline for the filing of motions for attorneys' fees is without legal or factual support. Indeed, in his Objection to Class counsel's motion for attorneys' fees filed prior to the Final Fairness Hearing, Objector Henderson requested attorneys' fees for Rivero and Berg as the Objectors who provided a material benefit to the Class. The Court did not find that Henderson's request for attorneys' fees for the Objectors was premature. Instead, at the Final Fairness Hearing, the Court found Rivero and Berg had not objected to or requested attorneys' fees on their own behalf. It is only now after the Class Settlement was approved and Judgment entered that Rivero and Berg seek attorneys' fees.

As a result of not filing a motion for attorneys' fees at the time set in the Court's Order, the Class was deprived of an opportunity to respond or object to Objectors' current motion for attorneys' fees prior to the approval of the Settlement when such issues were timely and fully considered. Additionally, Objectors failed to respond to Class counsel's July 26, 2013 request for attorneys' fees on or before the Final Fairness Hearing, which would have allowed for the

presiding judge, who knew well the procedural and substantive issues in this case, to adequately consider Objectors' entitlement to attorneys' fees.

"Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation," *Rodriguez*, 688 F.3d at 658. Where objections to the settlement of a class action result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel. FED. R. CIV. P. 23(e). Although Berg and Rivero were permitted to challenge class counsel's request for attorneys' fees and seek a portion of the increased benefit to the Class they allege they made, they failed to timely seek attorneys' fees. As a result of their belated request for attorneys' fees, the Settlement was approved, Class counsel obtained its fees and costs, and Judgment entered while Class members were unable to voice their objections, if any, to the Objector's request for attorneys' fees in a timely manner.

Under these circumstances, the Court finds that it would be inequitable to award attorneys' fees to Objectors Berg and Rivero. Accordingly, Objectors Berg and Rivero's motion for attorneys' fees is **DENIED.**

**IT IS SO ORDERED.**

DATED: January 13, 2014

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL